STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar No. 242340)
  MPalau@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California  94612-3547
Telephone: (510) 832-9999
Facsimile:  (510) 832-1101

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
DAVID A. ROSENFELD (SBN 058163)
drosenfeld@unioncounsel.net
WILLIAM A. SOKOL (SBN 72740)
bsokol@unioncounsel.net
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone: (510) 337-1001
Facsimile:  (510) 337-1023

MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
skim@milberg.com
NICOLE M. DUCKETT (SBN 198168)
nduckett@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

| | |
|---|---|
| MARGARITA ROSALES and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EL RANCHO FARMS, and DOES 1-20,<br><br>Defendants. | CASE NO. 1:09-CV-0707-AWI-SMS<br><br>**STIPULATION AND ORDER TO EXTEND CASE DEADLINES** |

## I. INTRODUCTION

This action is one of six cases against grape growers in the Southern Central Valley assigned to Judge Ishii. The six cases were originally filed as one action but severed and filed individually by order of Judge Ishii. The scheduling orders for the six cases were set by Magistrate Judge Snyder, to whom these cases were formerly assigned until approximately March 14, 2011, and Judge Snyder treated the cases in a somewhat coordinated fashion.

During a discovery conference for a related case, Judge Snyder indicated that the Court was not opposed to providing reasonable extensions in any of the grapes cases. Judge Snyder indicated that the cases would likely not go to trial as scheduled given Judge Ishii's extremely busy calendar, and that Judge Ishii was not opposed to extending case deadlines. Judge Snyder advised us that she would entertain requests for extensions and has stayed pertinent class certification and expert deadlines in *Soto v. Castlerock*, 1:09-cv-701 pending the resolution of discovery disputes among the parties in that case. According to Judge Snyder, the Castlerock action was meant to serve as a test case of sorts for the others with respect to scheduling. Based on Judge Snyder's guidance it is plaintiffs' counsel's understanding that deadlines in this case would be extended, particularly given the circumstances of this case.

## II. GOOD CAUSE FOR EXTENDING DEADLINES

The parties are currently engaged in exchange and review of documents that are being produced in response to discovery. However, certain issues have arisen over which the parties, through their counsel, are meeting and conferring. In particular, some of the information that has been produced and some information that has not yet been produced may be designated confidential. As such, the parties are working on a draft of a stipulated and proposed protective order which they intend to finalize as soon as possible and present to the Court for approval. In addition, the parties are meeting and conferring over issues that pertain to the scope of the class and scope of discovery. The parties have agreed to resolve the documentary discovery issues prior to completing party depositions, and have also agreed that the production of documents should

1

STIPULATION & [PROPOSED] ORDER TO EXTEND CASE DEADLINES

1  occur prior to the taking of depositions.

2  The parties met and conferred regarding defendant's objections, and defendant has agreed
3  to supplement its production. Plaintiffs have supplemented their production once, but have not
4  completed their review of a sizeable file in a related bankruptcy case of a now defunct farm labor
5  contractor used by defendant that may contain responsive documents. Depending on the review of
6  this file, plaintiffs may supplement their production again. The parties have agreed to produce
7  documents ahead of depositions and, accordingly, have taken the 30(b)(6) deposition of defendant
8  and the depositions of plaintiffs off calendar until documents are exchanged. As such, the parties
9  have mutually agreed to take previously-scheduled party depositions off calendar until
10 documentary evidence is produced and counsel for the parties have adequate time to review and
11 prepare.

12 Because the class period is very large, the class members are seasonal farmworkers, and
13 the employment records of the class appear to be within the possession of various contractors used
14 by defendant, it has been difficult for both parties to gather and produce all responsive discovery
15 needed for certification. The fact that this case, originally filed in 2005, was inactive for purposes
16 of discovery until about a year ago does not help matters, as people and evidence have become
17 more difficult to locate with the passage of time.

### III. STIPULATED EXTENSION OF DEADLINES

Given the status of discovery described above, the parties believe that certain upcoming deadlines should be extended. Therefore, the parties respectfully request that the Court extend the following deadlines:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Class Certification Filing: | 4/1/11 | 9/9/11 |
| Class Discovery: | 2/1/11 | 8/1/11 |
| Expert Discovery: | 3/18/11 | 11/11/11 |

2
STIPULATION & [PROPOSED] ORDER TO EXTEND CASE DEADLINES

| | | |
|---|---|---|
| Non-Dispositive Motion Filing: | 3/11/11 | 11/11/11 |
| Dispositive Motion Filing: | 8/19/11 | 4/16/12 |
| Merits Discovery: | 7/1/11 | 4/6/12 |
| Settlement Conference Date: | None | |
| Pre-Trial Conference: | 10/21/11, 8:30am | 6/18/12 |
| Trial Date: | 12/6/11, 8:30am | 8/20/12 |

DATED: March 22, 2011            **MALLISON & MARTINEZ**

By:   */s/ Marco A. Palau*
    STAN S. MALLISON
    HECTOR R. MARTINEZ
    MARCO A. PALAU
    JESSICA JUAREZ
Attorneys for Plaintiffs

DATED: March 22, 2011            **ALEXANDER & ASSOCIATES**

By: */s/ Christian Howland*
    CHRISTIAN HOWLAND
Attorneys for Defendant

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA 94612-3547

3
STIPULATION & [PROPOSED] ORDER TO EXTEND CASE DEADLINES

**ORDER**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

The Court notes that several of the dates that the parties seek to modify, have already passed.  Notably, the scheduling order issued in this case warned the parties, "If the parties determine at any time that the schedule outlined in this Order cannot be met, counsel are ORDERED to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference." (Doc. 21 at 12)  Nevertheless, the parties offer no explanation why they failed to comply with this order and seek amendment of the deadlines *before* the date had passed.

Importantly, in *Hardy v. County of El Dorado*, the Court rejected a motion to extend the discovery cut-off, filed three days before the discovery cut-off, finding that this demonstrates a lack of diligence.  The Court held, "Indeed, requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does not constitute diligence." *Id.*, 2008 U.S. Dist. LEXIS 75925, at *4 (E.D. Cal. Aug. 29, 2008).   Thus, it is unclear why the parties believed that their stipulation to amend these dates in the scheduling order, would be

MALLISON & MARTINEZ
1939 HARRISON STREET, SUITE 730
OAKLAND, CALIFORNIA  94612-3547

granted.  Moreover, though the parties indicate that they have conducted some discovery, exactly what has been done and when it was done, is not explained.  Thus, the Court has insufficient information to allow it to determine that the parties have diligently pursued discovery in this case.  Finally, the Court is mindful that this case was filed nearly two years ago and it appears that very little progress has been made in bringing this case to fruition.

Despite the lack of good cause shown, the factual information that has been provided in the stipulation makes clear that counsel has not met, and is unprepared to meet, the future deadlines in currently set in this case.  The Court recognizes, given these circumstances, that requiring compliance with these dates would work a hardship to the parties and could unfairly disadvantage plaintiffs' ability to prepare their motion for class certification by the April 1, 2011 deadline.  On the other hand, many of the dates proposed by the parties are unworkable.  For example, most ignore the amount of time that has passed since the filing of this action.  Also, the date proposed for the dispositive motion filing date leaves insufficient time for the Court to hear and decide the motion before the proposed pretrial conference date.

## ORDER

Based upon the foregoing, the Court will **GRANT IN PART** and **DENY IN PART** the stipulation to amend the scheduling order as follows:

|                                 | **New Deadline** |
|---------------------------------|------------------|
| Class Certification Filing:     | 9/9/11           |
| Class Discovery:                | 6/3/11           |
| Expert Discovery:               | 7/11/11          |
| Merits Discovery:               | 2/3/12           |
| Non-Dispositive Motion Filing:  | 2/17/12          |
| Non-Dispositive Motion Hearing: | 3/19/12          |
| Dispositive Motion Filing:      | 4/6/12           |
| Dispositive Motion Hearing:     | 5/21/12          |
| Pre-Trial Conference:           | 7/11/12          |

1     Trial Date:                                                9/11/12

2 Counsel is admonished to diligently pursue discovery of this matter and to conscientiously adhere

3 to the amended deadlines. The Court <u>will not</u> again modify case dates that have already passed.

4 Moreover, **no further amendments to the scheduling order will be granted absent a showing**

5 **of exceptional good cause and <u>only</u> upon a showing that counsel has acted diligently.**

8 IT IS SO ORDERED.

9    Dated:   **March 24, 2011**                 **/s/ Jennifer L. Thurston**
10                                                                     UNITED STATES MAGISTRATE JUDGE