UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ROSALES and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>EL RANCHO FARMS,<br><br>　　　　　　Defendant. | 1:09-cv-00707-AWI-JLT<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>(Doc. 25)<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF PERSON MOST KNOWLEDGEABLE AND DOCUMENTS<br><br>(Doc. 26) |

　　　Plaintiffs Margarita Rosales and Angelica Rosales ("Plaintiffs") seek an order compelling the production of documents by El Rancho Farms ("Defendant") and requiring Defendant's person most knowledgeable to submit to oral deposition. (Docs. 25-26). The parties filed Joint Statements on June 6, 2011. (Docs. 27-28). The Court has read and considered the oral arguments of counsel presented on June 13, 2011.

　　　For the reasons set forth below, Plaintiffs' motion to compel document production and the deposition of Defendant's person most knowledgeable are **GRANTED**.

**I.　Factual and Procedural History**

　　　On April 20, 2009, Plaintiffs filed a class action complaint for the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801, *et seq*; failure to pay wages; failure

1

to pay reporting time wages; failure to provide rest and meal periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq*; breach of contract; and violation of unfair competition law. (Doc. 1). Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California." *Id.* at 4.

On March 22, 2011, the parties stipulated to extending case deadlines previously entered by the Court. (Doc. 23). Therefore, the Court set the deadline for completing class discovery as June 3, 2011 and the deadline for class certification as September 9, 2011. (Doc. 24). On May 17, 2011, Plaintiffs filed the motion to compel production of documents responsive to their discovery requests. (Doc. 25). Plaintiffs filed their motion to compel a deposition of Defendants' person most knowledgeable together with requested documents on May 19, 2011. (Doc. 26).

Pursuant to an agreement made in February 2011, Plaintiffs drafted a protective order for Defendant's review. (Doc. 28 at 6). Defendants agreed to produce discovery after the entry of a protective order. *Id.* at 3. Initially, Plaintiffs sent a draft to Defendant on February 16, and provided the draft again on May 20, 2011.[1] *Id* at 6.

At the hearing on these motions, Defendant's counsel reported that she had reviewed the draft protective order and anticipated signing it within short order.

**II.   Scope of Discovery**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

---

[1] The Court surmises that the draft provided in February 2011 was sent to the attorney previously assigned to the matter and was never provided to the attorney currently representing Defendant.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### III.   Motion to Compel Document Production

#### A.   Legal Standards

A propounding party may request documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed.R.Civ.P. 34(b). Further, a request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), *quoting Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

Upon receipt of a discovery request, the responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed.R.Civ.P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed.R.Civ.P. 34(b)(2)(A)-(B). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1449 (9th Cir. 2005). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D. 281, 283 (C.D. Cal. 1998), *citing Nestle Food Corp. v. Aetna Cas. & Co.* 135 F.R.D. 101, 103 (D.N.J. 1990). It follows that,

where a party objects on the grounds of vagueness and ambiguity, he has the burden to demonstrate the vagueness or ambiguity by setting forth specific facts in support of its objection. *See id*; *see also Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 290 (E.D. Pa. 1980). Finally, if a party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34," the propounding party may make a motion to compel production of documents. Fed.R.Civ.P. 37(a)(3)(B)(iv).

### B. Discussion and Analysis

Plaintiffs seek to compel Defendant "to produce documents pertaining to Defendant's labor practices, including written rules governing wages, hours and working conditions, unwritten rules evidenced by timekeeping and payroll records, and contact information of class members . . ." (Doc. 25 at 2). Plaintiffs issued document requests regarding Defendant's wage hour policies and practices, as well as timekeeping and payroll records. According to Plaintiffs, Defendant responded to "most" of the requests with the following objection:

> El Rancho objects to this request on the grounds that is overbroad, unduly burdensome, oppressive, and beyond the scope of permissible discovery because it is not reasonably calculated to lead to the discovery of admissible evidence. El Rancho further objects to this request because it seeks production of private personal information of El Rancho's employees and the employees of El Rancho's contractors and subcontractors, who are not represented by Plaintiffs in either a class or representative capacity. Plaintiffs were never employees of El Rancho. Instead, Plaintiffs were employees of Garza Contracting. Based on the forgoing objections and general objections, El Rancho will not produce any documents for persons employed by El Rancho. Without waiving these objections, Responding Party is unable to comply with this Request with respect to farm labor contractors it has used during the relevant time period. A diligent search for the documents requested has been made and a reasonable inquiry has been conducted in an effort to comply with the Request. This request cannot be complied with because Responding Party does not have and has never possessed the requested documents concerning the farm labor contractors it used during the relevant time period.

(Doc. 27 at 10). In spite of the objections, Defendant produced a payroll register, a list of employees, and an address list from 2004 with names and contact information redacted. *Id.* at 9-10. Plaintiffs argue the objections are invalid because the documents "are essential in establishing the elements of Federal Rule of Civil Procedure 23." *Id.* at 2. Additionally, Plaintiffs assert the privacy rights of employees must yield to the public interest in resolution of the case. *Id.* at 3.

"Plaintiffs seek information regarding a class of employees consisting of individuals employed directly by El Rancho, or employed jointly by El Rancho and various [farm labor contractors]." (Doc. 27 at 10). According to Plaintiffs, though they were employees of Garza Contacting, "the practices giving rise to the violations at issue are common to the class regardless of the [farm labor contractors] involved, because El Rancho exercises control over the working conditions and enforces its practices/policies through its own supervisors and the [farm labor contractors]." *Id.* Therefore, Plaintiffs seek documents related to all farm labor contractors for the relevant time period.

On the other hand, Defendant argues the discovery requests are overbroad because "the requests seek a variety of employment records for each individual who was or continues to be employed by Defendant or its farm labor contractors since November 2001." (Doc. 27 at 5). However, the parties agree, and stated this agreement at the hearing on these motions, that the class period runs from November 9, 2001.

In addition, Defendant has not shown how these requests are overly broad or burdensome.[2] Defendant asserts that the only documents they have been able to locate are payroll and registers for Garza Contracting dated 2001 through 2011, which are organized in chronological order in six banker's boxes. Consequently, the documents have been gathered, and are ready for production, which undermines the assertion that the request was overly burdensome. Moreover, Plaintiffs agree that they will provide a person to appear at defense counsel's location to create an electronic copy of the documents. Thus, no further burden will be placed on Defendant other than accommodating the person creating this electronic copy.

Moreover, the documents are pertinent to the issues of class certification, in particular whether the prospective class is sufficiently numerous and that they have claims in common such to support this method of litigation. *Hill v. Eddie Bauer*, 242 F.R.D. 556, 562 (C.D. 2007); *Chavez v. Petrissans*, 2008 U.S. Dist. LEXIS 111596 at *15-16 (E.D. Cal. Sept. 5, 2008). "It is

---

[2] Notably, at the hearing defense counsel indicated that she was unaware of whether Defendant had employment policies responsive to the requests or had searched for them. Given this, the Court has no information about the extent of the documents that will be produced or the difficulty in locating them. Thus, the Court cannot find that producing these policies would be burdensome on Defendant.

the court's duty to give the parties an opportunity to supply the district court with all of the information that it may find relevant in making a class certification determination." *Chavez*, at *9-10.

Therefore, Plaintiffs' motion to compel production of documents responsive to the discovery requests is **GRANTED**.

### IV. Motion to Compel Deposition of Person Most Knowledgeable

Plaintiffs assert they noticed Defendant's person most knowledgeable ("PMK") for January 28, 2011 and March 7, 2011. (Doc. 26 at 2). According to Plaintiffs, "in both instances Defendant refused to produce the documents Plaintiffs requested in their PMK deposition notice before the scheduled deposition, nor would Defendant's (sic) agree to produce the requested documents at the scheduled time of the deposition."[3] *Id.* Therefore, Plaintiff filed its motion for oral deposition pursuant to Fed.R.Civ.P. 30(b)(6).

Under Rule 30(b)(6), a party may direct a notice of deposition to an organization during the course of discovery. Specifically, the Rule 30(b)(6) provides:

> In its notice or subpoena a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; . . . The persons designated must testify about information known or reasonably available to the organization.

*Id.* Consequently, Rule 30(b)(6) depositions "are often referred to as 'persons most knowledgeable' or 'persons most qualified' depositions because the notice of deposition or subpoena is directed at the entity itself," which obligates the entity "to produce the 'most qualified' person or persons to testify on its behalf." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 798 n.4 (9th Cir. 2003) (internal quotation marks and citation omitted). The designee's role is to prove the entity's interpretation of events and documents. *United States v. J.M. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996).

---

[3] The Court notes that Fed. R. Civ. P. 30(b)(2) does not require a defendant to produce documents in advance of the PMK deposition though doing so, in many cases, including this one, would facilitate a more efficient deposition.

6

1    The facts relating to this motion are the same as above, as are the documents sought by Plaintiffs.  As previously established, this testimony on the topics outlined and the documents sought is relevant and the information gained by the PMK deposition may lead to other, admissible evidence and may be probative of other issues in the case including the class certification motion.  Further, Defendant offered no particularized opposition to the deposition of a person most knowledgeable and limited objection to the documents requested to be produced by the deponent.  Therefore, Plaintiffs' motion to compel the deposition of Defendant's person most knowledgeable, along with the document request, is **GRANTED.**

### V.   Conclusion and Order

The documents Plaintiffs seek are relevant to discovery, and therefore must be produced by Defendant.  Fed. R. Civ. P. 26(b)(1).  Therefore, Defendant will be ordered to produce all documents in its possession or its control that are responsive to Plaintiff's document production requests and will be ordered to produce its person(s) most knowledgeable on the topics set forth in Plaintiffs' deposition notice.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion to compel a response to request for production of documents, requests number 1-8, 10-23 and a request number 6 of the deposition notice served according to Fed. R. Cvi. P. 30(b)(6) (Doc. 25), is **GRANTED**;
2. Plaintiffs' motion to compel the deposition of Defendant's person most knowledgeable (Doc. 26), is **GRANTED**;
3. A protective order between the parties **SHALL** be filed within one week of the date of service of this order;
4. Within ten days of the date service of this order, Defendant **SHALL** produce all responsive documents and the parties **SHALL** cooperate with Plaintiffs' efforts to create an electronic copy of the records; and
5. Within thirty days of the date of service of this order, Defendant **SHALL** produce its person most knowledgeable for deposition at a time and location that is convenient to the parties and Plaintiffs are permitted to take this deposition

despite the passage of the class discovery deadline.

IT IS SO ORDERED.

Dated:  **June 13, 2011**                                                  **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE