STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JESSICA JUAREZ (Bar No. 269600)
  JJuarez@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
DAVID A. ROSENFELD (SBN 058163)
  drosenfeld@unioncounsel.net
WILLIAM A. SOKOL (SBN 72740)
  bsokol@unioncounsel.net
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone: (510) 337-1001
Facsimile:  (510) 337-1023

MILBERG LLP
JEFF S. WESTERMAN (SBN 94559)
  jwesterman@milberg.com
SABRINA S. KIM (SBN 186242)
  Skim@milberg.com
NICOLE M. DUCKETT (SBN 198168)
  nduckett@milberg.com
One California Plaza
300 South Grand Ave., Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITA ROSALES and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>EL RANCHO FARMS, and DOES 1-20,<br><br>　　　　Defendants. | CASE NO. 09-CV-00707-AWI-JLT<br><br>**CLASS ACTION**<br><br>**DECLARATION OF HECTOR R. MARTINEZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**<br><br>Date: October 17, 2011<br>Time: 9:00 a.m.<br>Location: 1300 18th Street<br>　　　　Bakersfield, California |

I, Hector R. Martinez, declare the following:

1. I am an attorney at law licensed to practice before all courts of the State of California and am a founding partner of Mallison & Martinez, Attorneys at Law. My firm and I are counsel for Plaintiffs Margarita Rosales and Lorena Corza (aka Angelica Rosales) in the above-captioned case. I am familiar with the above-captioned litigation and the dispute from which it arises. All statements made herein are on personal knowledge unless otherwise stated. If called as a witness, I could competently testify as to matters stated herein.

2. I submit this declaration in support of Plaintiffs' motion for class certification and for appointment of the law firm of Mallison & Martinez as class counsel.

3. This is a wage and hour class action on behalf of grape workers employed by EL RANCHO FARMS ("El Rancho"). The action is brought for alleged violations of California labor laws and the Agricultural Workers protection Act (AWPA), 29 U.S.C. §§1801 *et seq*. Plaintiffs also seek penalties for themselves, other current and former employees, and the State of California, pursuant to the California Labor Code Private Attorney General Act (PAGA), Cal. Labor Code §§ 2698 *et seq*.

I. **COUNSEL'S QUALIFICATIONS**

   A. **Firm Description**

4. Mallison & Martinez is a class action law firm with offices in Oakland and Bakersfield, California. This firm was created in 2005 by Stan Mallison and Hector Martinez, attorneys with extensive class action and complex litigation experience at: (1) Lerach Coughlin Stoia & Robbins, (2) Milberg, Weiss, Bershad, Hynes, & Lerach, (3) Van Bourg Weinberg Roger & Rosenfeld (the largest union side labor law firm in the country), (4) Carter & Garay (a boutique class action law firm), and (5) California Rural Legal Assistance (the largest federal legal services provider to farm-workers in the country). The firm is nearly exclusively engaged in class action and private attorney general practice in employment law on behalf of employees. We have five full-time attorneys on staff, two full-time staff employees, and we employ several part-time

professionals and assistants as needed.  Mallison & Martinez researches and develops class action wage cases and litigates them independently or with prominent co-counsel.

5.  The firm employs a "research model" approach to wage and hour class action litigation.  In particular, we believe that the best way to litigate a case is to understand the facts and issues better than the employer, their counsel, and their experts.  We do this by relying heavily upon technology (where appropriate), investing enormous amounts of time and energy into legal and factual investigations, both pre-filing and early in the litigation, the early and often use of data and technology experts, and by developing comprehensive factual and legal expertise in the specialized areas in which we litigate.

6.  The success of this model is exemplified by the following sample of class action cases that have been certified and in which Mallison & Martinez has been appointed class counsel:

a. In re: Rhodia Erisa Litigation:  (Southern District of New York).

b. Ibañez et al. v. Food Specialists Inc. et al.: (Alameda Superior Court - Complex).

c. Korbel Winery: (Eastern District of California).

d. Don Roberto Jewelers:  (Santa Barbara Superior Court).

e. Glenn Block v. eBay, Inc.: (Santa Clara Superior Court).

f. Benitez et al. v. Wilbur et al.:  (Eastern District of California).

g. Alvarado v. Nederend.: (Eastern District of California).

h. La Salsa Overtime Cases:  (Santa Barbara Superior Court).

i. Vasquez v. Coast Roofing: (Eastern District of California).

j. Lara et al. v. Sierra La Verne Country Club:  (Los Angeles Superior Court).

**B.  Attorneys on the Case**

7.  I received a B.A. in Political Science in 1993 from the University of California at Davis. I grew up in a socially conscious farm-worker community, which motivated me to work for the benefit of low-wage workers.  Beginning in the mid-nineties, at the California Institute for

Rural Studies, I conducted extensive research on California's agricultural industry and the substandard environmental, health and working conditions and its impact on farmworkers and their families. I then attended law school and earned his law degree from the Golden Gate University School of Law in 1998. During my law studies, I worked as a law clerk with Van Bourg, Weinberg, Roger and Rosenfeld, the largest union-side labor law firm in the country, under the direct supervision of named partner David Rosenfeld. From 1999 to 2004, I worked at California Rural Legal Assistance, Inc. ("CRLA"), the largest non-profit law firm dedicated to farm-worker issues in the country. My work at CRLA included numerous representative private attorneys general actions under California's Unfair Competition Law, Business & Professions Code Sections 17200 *et seq.*, which were brought on behalf of thousands of agricultural employees and the general public. During his time with CRLA, I was nominated for and received a fellowship with the California Wellness Foundation Violence Prevention Initiative for my work with farm-worker youth throughout California.

8. I formed the law firm of Mallison & Martinez in June 2005 with Stan S. Mallison. As a partner of the firm, I currently litigate several farm and low-wage worker wage and hour class actions. Since starting Mallison & Martinez with Stan Mallison, I have litigated in over 50 wage and hour class action cases.

9. Mr. Mallison, received a B.A. in Philosophy and Political Science from the California Polytechnic University at Pomona, California in 1990, graduating magna cum laude and first in both departments. Mr. Mallison earned my Masters in Economics from the University of California at Riverside in 1993, where he had been admitted to, and substantially progressed through, the Economics Ph.D program. Mr. Mallison earned his law degree from Stanford University in 1996, graduating with honors. During law school, he interned with the National Labor Relations Board, both at the Division of Judges in San Francisco as well the supervision of Chairman of the NLRB William B. Gould in Washington D.C.

10.     Between 1996 and 1998, Mr. Mallison worked in complex labor and employment litigation with the law firm of Van Bourg, Weinberg Roger and Rosenfeld, the largest union-side labor law firm in the country.

11.     From 1998 to 2004 he worked for Milberg Weiss Bershad Hynes & Lerach ("Milberg Weiss") and joined Lerach Coughlin Stoia & Robbins ("Lerach Coughlin") when the Milberg firm divided in 2004, and worked at Lerach Coughlin until February 2005. Mr. Mallison's work at these firms consisted of class action and private attorneys general act work, and included work on complex and large cases including: In Re Enron Securities Litigation ($7.2 Billion settlement); Mariana Island Garment-Worker Cases (a $20 million wage and hour settlement on behalf of 20,000 migrant workers on the island of Saipan); In Re 3Com Securities Class Action ($259 million settlement), a Federal Court challenge to the sufficiency of Federal Department of Transportation's NAFTA Truck safety regulations; In re Pemstar Securities (settlement of $12 million); Block v. eBay (settlement of $2.1 million); a Federal Court challenge to President Bush's Executive Order re: Project Labor Agreements, and dozens of other cases.  As a result of his expertise in economics, Mr. Mallison spent a considerable amount of his time at Milberg Weiss and Lerach Coughlin as liaison to experts, and he continues in that role at Mallison & Martinez.

12.     Mr. Palau is admitted to practice law in California and New York. He represents workers in wage and hour class actions and employment discrimination. Mr. Palau earned is law degree from Columbia University, New York in 2005, where he served as an Editor for the Columbia Human Rights Law Review and Co-Managing Editor for the Jailhouse Lawyer's Manual (Spanish ed.).  He earned MBA and BS degrees from California State University in 1999 and 1997, respectively.  Prior to joining Mallison & Martinez, Mr. Palau was a staff attorney with California Rural Legal Assistance ("CRLA"), where he represented indigent individuals in civil rights matters, including federally subsidized housing and worker's rights issues.  Mr. Palau is currently litigating dozens of class actions and employment discrimination as an experienced mid-level wage and hour attorney at Mallison & Martinez, including cases involving thousands of workers in the janitorial, restaurant, manufacturing, retail, construction, and agricultural industries.

13. Since starting Mallison & Martinez with Hector Martinez, Mr. Palau has litigated in dozens of wage and hour class action cases. Mr. Palau was named a "Rising Star" by Northern California Super Lawyers' magazine in 2011.

14. Ms. Juarez is admitted to practice before the California State Courts and before the United States District Court for the Northern & Eastern Districts of California. Ms. Juarez's practice is focused on employment litigation, including wage and hour, sexual harassment and discrimination matters.

15. Ms. Juarez received her Juris Doctorate from UC Hastings College of the Law in 2009, her Master's of International Affairs from Columbia University's School of International & Public Affairs (SIPA) in 2003, and her Bachelor of Arts in Political Science from UC Berkeley in 1999. Ms. Juarez has a long history of working with employment law and international human rights issues. In law school, Ms. Juarez was a law clerk with Talamantes, Villegas, Carrera LLP, a class action employment law firm; was the Isabel and Alger Hiss Government Misconduct Fellow at the Center for Constitutional Rights, and served as a Student Counselor at the Employment Law Center. Prior to attending SIPA, Ms. Juarez also served as a Research & Liaison Officer at the International Labor Organization. Ms. Juarez is a member of the American Bar Association, The California Bar Association (Labor and Employment Section & International Law Section), the San Francisco Bar Association, the San Francisco La Raza Lawyers Association and the Hispanic National Bar Association.

16. Mr. Sutton is admitted to practice before California State Courts, and the Northern and Eastern Districts of California. Prior to joining Mallison and Maritinez, Mr. Sutton was an associate at Liberation Law Group, P.C. in San Francisco, where he represented low-wage workers in wage and hour, discrimination, sexual harassment and wrongful termination lawsuits. Mr. Sutton graduated from the University of San Francisco School of Law, received an M.A. in Latin American Studies from UC Berkeley, and a B.A. in Anthropology and Sociology from Hanover College. Mr. Sutton is a member of the California Employment Lawyers Association and the American Bar Association.

5
DECLARATION OF HECTOR R. MARTINEZ IN SUPPORT OF
MOTION FOR CLASS CERT. & APPOINTMENT OF CLASS COUNSEL   CASE NO. 1:09- CV-00703-AWI-JLT

17. Mallison & Martinez has had, and continues to have adequate resources to vigorously prosecute this case on behalf of the Class representatives and Class members. Plaintiffs' counsel has spared no expense or taken any short cuts in this litigation and has hired a prominent database expert for this case to aid in discovery, class certification and, if necessary, trial.

18. Neither I, nor any member of the firm, have any personal affiliation or family relationship with the Plaintiffs and proposed Class representatives. The only relationship with them is the attorney-client relationship in this current litigation.

19. The firm chose the proposed class representatives because we believed that they provided good representation for the Class.

20. The Class representatives have carried out all required tasks in this case to help us pursue this action, providing us with information, documents, insights, opinions, and necessary decisions to make this case successful. The Class representatives have spent considerable time in their efforts on behalf of the Class, and have participated in responding to El Rancho's written discovery and will soon make time to be deposed by Defendants.

## II. PROCEDURAL HISTORY OF THE CASE

21. On March 5, 2004, Arnoldo Lara, Mario Laveaga, Mirna Diaz, Paula Leon, and Raul Diaz, individually and acting for the interests of the general public, ("Lara Group") initiated an action in the Kern County Superior Court against Rogelio Casimiro, doing business as Golden Grain Farm Labor. (Case S-1500-CV-252445-SPC). The Lara Group added Angelica Rosales (aka Lorena Corza) as a named plaintiff and added El Rancho Farms as a defendant in the action in their second amended complaint on September 12, 2005. This action was removed to the Eastern District on or about December 21, 2005.

22. A related action against El Rancho Farms and other table grape growers (Castlerock, D.M. Camp & Sons; Marko Zaninovich, Inc.; Sunview Vineyards of California; Guimarra Vineyards Corp.; and FAL Inc. was filed on or about November 9, 2005 *See Doe v. D.M. Camp & Sons*, 1:05-cv-01417-AWI-SMS, 624 F.Supp.2d 1153 (E.D. Cal. 2008). When the

action was brought, the plaintiffs were unnamed former and current employees of the table grape grower defendants. *Id*. at 1156. The Court acknowledged the Doe matter was related to Lara matter, as well as several other cases initated against grape growers. *Id*.

23. Defendants to the Doe action, including El Rancho Farms, filed motions to dismiss the operative complaint, which were ruled upon by the Court on March 31, 2008. Defendants moved to sever the action, and the Court required the plaintiffs to file amended pleadings against each defendant to effectuate the severance. On March 31, 2009, the Court ordered plaintiffs to re-file their suit in a new case number, consistent with its earlier order severing the matter, within twenty days. (*Doe*, Docket 239). The instant action against El Rancho Farms and DOES 1-20. Was filed on or about April 20, 2009 (Docket 1).

24. The core of Plaintiffs' claims revolve around Defendants' violations of state and federal labor laws, including violation of AWPA, failure to pay wages and/or overtime, failure to reimburse expenses, failure to allow rest and meal breaks, and failure to comply with record-keeping requirements.

25. After the consolidated complaint was filed, Plaintiffs conducted substantial discovery regarding class certification. After meeting and conferring regarding the scope of class certification discovery, and after agreeing upon a protective order, Defendants provided access to the core payroll and timekeeping information for the proposed class. The production consisted of approximately 15,000 paper documents, in addition to excel spreadsheets that were produced electronically.

26. El Rancho Farms has propounded written discovery on the Plaintiffs and is planning on taking Plaintiffs depositions. Plaintiffs have propounded written discovery on El Rancho, taken a PMK depositions and interviewed a large number of class members in the course of investigation.

### III. Opinion of Class Counsel and Representatives re Class Certification Requirements

27. Plaintiffs believe a class action is a superior method of adjudicating this case, because it promotes judicial economy and facilitates meaningful access to a means of redress for

several thousand farm workers, thereby avoiding numerous small claims actions and alleviating concerns of retaliation against individual employees by a show of unity. Indeed, the class action mechanism makes it cost effective and efficient for both the Court and the parties to litigate the numerous claims present in this case.

28. The parties have completed a significant amount of discovery and this Court has resolved important discovery disputes. Thus far, there have been no problems managing this case as a class action, and the facts of this case lend themselves to class treatment. Indeed, adjudicating this action on a class basis is appropriate because the common issues for certification stem from El Rancho's practices and policies concerning its piece-rate pay system, its failure to pay workers a premium for untimely meal and rest breaks, its practice of requiring workers to perform off the clock work for which they are not compensated, and its practice of externalizing overhead onto its employees by failing to provide necessary work tools or to reimburse employees when they are forced to purchase them in order to perform their work.

29. Pursuant to the recent *Arias* decision (46 Cal.4th 969 (2009)), Plaintiffs intend to litigate the PAGA claim on behalf of the workforce to obtain PAGA penalties for employees and the state. Doing so will inevitably require resolution of the underlying claims of the entire class. These underlying claims are predicate acts and are exactly the same claims Plaintiffs have asserted generally. Given the potential financial constraints as a result of the downturn in the economy, one consequence of not certifying a class would be to burden Defendants with a multiplicity of claims and a myriad of suits covering the same underlying violations asserted here, because although their claims to PAGA penalties will be adjudicate before this Court whether or not a class is certified, in the event that the class is not certified absent class members will be free to pursue their underlying wages against Defendants because the PAGA claim only binds them with respect to PAGA penalties. This one-way-intervention scenario could needlessly weaken Defendants' financial position in these difficult financial times. In sum, it is efficient for this court to adjudicate these claims in one proceeding, rather than in a series of proceedings. One action can provide the

vehicle by which a resolution of all claims can be made that preserves all parties' rights and promotes justice.

30.  The Plaintiffs have suffered injury as a result of Defendants' unlawful policies and practices described in the motion. They have not received all wages earned; have not been compensated for untimely meal and rest breaks; and have not received reimbursement for necessary job expenses (among other things).

31.  I know of no reason why Plaintiffs Lorena Corza (aka Angelica Rosales) and Margarita Rosales, who are requested to serve as Class Representatives, cannot serve as such. There are no known antagonistic or conflicting interests between the named Plaintiffs and the class that would render them inadequate representatives.

32.  Plaintiffs Lorena Corza (aka Angelica Rosales) and Margarita Rosales appear to have taken on their duties as Class Representatives to benefit the interests of the class.  They have assisted with prosecution of this case, assisted counsel in analyzing their own employment documents as well as provided insight into class-wide discovery, and hired competent and seasoned counsel to represent the class.

## IV.     Exhibits

33.  True and correct copies of excerpts from the deposition of El Rancho's Persons Most Knowledgeable, Martha Stroud, taken on August 24, 2011, are attached hereto as Exhibit 1.

34.  True and correct copies of excerpts from the deposition of El Rancho's Persons Most Knowledgeable, John Kovacevich, taken on September 7, 2011 are attached hereto as Exhibit 2.

35.  True and correct copies of excerpts from the deposition of El Rancho's Persons Most Knowledgeable, Lynn Kirkorian, taken on September 7, 2011 are attached hereto as Exhibit 3.

36.  Attached hereto as Exhibit 4 are true and correct copies of declarations submitted by Class Members.

37.     Attached hereto as Exhibit 5 are true and correct copies of declarations submitted by proposed Class Representatives, Lorena Corza (aka Angelica Rosales) and Margarita Rosales.

38.     Attached as Exhibit 6 are selections of timekeeping "dailies" from the more than 15,000 pages of timekeeping and payroll records, produced by Defendant El Rancho in discovery.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 9th day of September 2011 in Oakland, California.

/s/ Hector R. Martinez

Hector R. Martinez