IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ROSALES and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>EL RANCHO FARMS and DOES 1-20,<br><br>　　　　　Defendants. | 1:09-cv-00707-AWI-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>(Doc. 52) |

Plaintiffs Margarita Rosales and Angelica Rosales[1] ("Plaintiffs") seek certification of four classes of individuals who worked at El Rancho Farms pursuant to Federal Rule of Civil Procedure 23. (Docs. 33-37). Specifically, the classes Plaintiffs seek to certify are defined as follows:

> The Unpaid Rest Break Class: All fieldworkers employed or jointly employed by El Rancho who were paid a pure piece rate at any time between 03/5/2000 to the present.
>
> The Untimely Rest & Meal Break Class: All fieldworkers employed or jointly employed by El Rancho from 03/5/2000 to the present whose rest or meal break was scheduled at noon or later.
>
> The Off-the-Clock-Class: All harvest fieldworkers employed by or jointly employed by El Rancho from 03/5/2000 to the present who washed trays and/or performed work

---

[1] The true and correct name of "Angelica Rosales" is "Maria Lorena Corza Alvarado," though she is known as "Lorena Corza." Ms. Corza reports she used the name of her daughter, "Angelica Rosales," while working at El Rancho. Therefore, the Magistrate Judge referred to plaintiff "Angelica Rosales" as "Lorena Corza." For the sake of clarity, the Court will continue to do so.

1

activities before the shift off the clock.

The Tool Class: All fieldworkers employed by or jointly employed by El Rancho from 3/5/2001 to the present who purchased work tools.

(Doc. 37 at 1-6). On December 12, 2011, the Magistrate Judge recommended Plaintiffs' motion for class certification be denied. (Doc. 52). Plaintiffs filed timely objections to the Findings and Recommendations on December 27, 2011. (Doc. 53). In their objections, Plaintiffs also contend that the Magistrate Judge's December 12, 2011 order (Doc. 51) granting in part denying in part Plaintiffs' motion to strike various declarations submitted by Defendant in opposition to class certification was erroneous and contrary to the law, and requested that the Court reconsider the order. On January 10, 2012, Defendant filed its response to the Findings and Recommendations.

## I.   LEGAL STANDARDS

Class certification is governed by the Federal Rules of Civil Procedure, which provide a class action is proper if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These prerequisites are generally referred to as numerosity, commonality, typicality, and adequacy of representation, and "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." General Telephone Co. of the Southwest. v. Falcon, 457 U.S. 147, 155-56 (1982) (citing General Telephone Co. v. EEOC, 446 U.S. 318, 330 (1980)).

The Court is required to perform a "rigorous analysis," which may require it "to probe behind the pleadings before coming to rest on the certification question." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011) (quoting Falcon, 457 U.S. at 160-61). The discretion of whether to certify a class is committed to the discretion of the Court within the guidelines of Rule 23. See Fed. R. Civ. P. 23; Doninger v. Pacific Northwest Bell, Inc., 563 F.2d 1304, 1308 (9th Cir. 1977).

## II.   FINDINGS OF THE MAGISTRATE JUDGE

As an initial matter, the Magistrate Judge noted each proposed definition included workers "employed by or jointly employed by El Rancho." (Doc. 52 at 14). The Magistrate Judge observed,

> Because the class definitions include the employment requirement, if El Rancho did not directly or jointly employ workers, the classes may not be certified. Thus, the Court must examine the working relationship of El Rancho, the farm labor contractors it employs, and the farm laborers to determine whether the relationship satisfies the definition of "employment" or "joint employment" under applicable California law or the Agricultural Workers Protection Act ("AWPA").

(Id.) Accordingly, the Magistrate Judge considered the definitions of employment as set forth under California and federal law and concluded "El Rancho was not a 'joint employer' as defined by the [Fair Labor Standards Act] and the AWPA nor was it a 'joint employer' as that phrase is used by Plaintiffs in their proposed class definitions." (Id. at 27). However, because "it is improper to advance a decision on the merits to the class certification stage," the Magistrate Judge continued in the analysis of whether the four proposed classes satisfied the requirements of Rule 23. (Id.) (quoting Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983)).

### A.    The Unpaid Rest Break Class

The Magistrate Judge observed "a named plaintiff must have the requisite 'personal stake in the outcome' and be a member of the class which he or she seeks to represent at the time the class is certified." (Doc. 52 at 29) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)); see also Falcon, 457 U.S. at 156 ("a class representative must be a part of the class and possess the same interest and suffer the same injury as the class members"). In addition, the Magistrate Judge noted the burden of proof is on a plaintiff to establish standing: "even named plaintiffs who represent a class must allege *and show* that they have personally been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (Doc. 52 at 31) (quoting Lewis v. Casey, 518 U.S. 343, 347 (1996)).

The Magistrate Judge found, "[F]rom the information Plaintiffs provided, it is not clear that Ms. Corza received a pure piece rate during the class period," and concluded Ms. Corza failed to establish she suffered an injury relevant to this proposed class. (Doc. 52 at 29). Also, the Magistrate Judge noted Ms. Rosales implied in her declaration that she worked only for Garza Contracting during the class period, but contradicted these assertions at her deposition where she testified that she also worked for another farm labor contractor, Golden Grain, "during the period that her declaration represented she was working only for Garza." (Id. at 30). Further, the Magistrate Judge noted, "Ms.

3

Rosales produced pay stubs proving this fact that, indeed she worked for *both* Garza Contracting and for Golden Grain during this time period. [Citation.] These same pay stubs demonstrate that *she did not work for a pure piece rate at any time* during any period reflected on the pay stubs." (Id.) (citations omitted).  Further, the Magistrate Judge noted El Rancho offered evidence that demonstrated the employment periods for Ms. Corza and Ms. Rosales differed from the "approximate" dates to which they attested in their declarations, and "pay roll records produced for Garza Contracting by its payroll service . . . demonstrate[d] that Angelica Rosales and Margarita Rosales were paid an hourly wage plus a piece rate production bonus during the applicable periods while working at El Rancho." (Id.)

Given the evidence before the Court, the Magistrate Judge concluded Plaintiffs failed to meet their burden "to demonstrate that either named Plaintiff worked for a pure piece rate during which time they failed to receive paid rest breaks." (Doc. 52 at 31).  Therefore, because Plaintiffs failed to show personal injuries, the Magistrate Judge recommended denial of Plaintiffs' request to certify "The Unpaid Rest Break Class." (Id.)

### B.     The Untimely Rest Break & Meal Break Class

Plaintiffs reported El Rancho had two schedules for meal and rest breaks: "(1) the meal period is provided at noon . . . or (2) a single rest break is provided at noon with a meal break at 9:00 a.m." (Doc. 52 at 32) (quoting Doc. 37 at 2).  The Magistrate Judge noted that in support of commonality of claims, "Plaintiffs submit anecdotal evidence from the proposed class representatives and putative class members, as well as daily time sheets for Garza Contracting." (Doc. 52 at 32).  However, the Magistrate Judge noted the daily time sheet records "demonstrate only the time a meal period was given, and do not reflect if, or when, a rest break was given." (Id. at 32, n. 11).  Therefore, the Magistrate Judge noted it was necessary to rely upon the anecdotal evidence. (Id.)  The evidence demonstrated "Garza Contracting employees with different foremen reported various meal and rest schedules," while Golden Grain workers reported it was a common practice for employees take rest break periods and to be required to work at least five hours without a lunch period. (Id. at 32-33).

The Magistrate Judge observed that, on the other hand, Defendants argued El Rancho did not have a common practice or policy regarding daily schedules, meal periods, or rest breaks because control of the schedules were left to the farm labor contractors. (Doc. 52 at 33). In discussing El Rancho's status as an employer, the Magistrate Judge discussed evidence that supported Defendant's assertion that "each farm labor contractor has its own daily schedule, and policies and practices." (Id. at 18). For example, the owner of Garza Contracting, Irma Garza, attested that Garza Contracting was "responsible for . . . scheduling the meal and rest periods for all field laborers." (Id. at 19) (quoting Garza Decl. ¶ 9). Also, "Ms. Rosales stated that the foremen advised workers when it was time for meal and rest breaks." (Id.) (citing Rosales Depo. at 35: 9, 37:14-16). Further, the Magistrate Judge noted declarations submitted by Defendants "uniformly indicated [workers] had not 'been required to work during the 30-minute meal break,' though two [declarants] reported they were 'required to work during the 10-minute rest break.'" (Id. at 34).

The Magistrate Judge noted, "Importantly, the evidence provided by Plaintiffs and Defendant appears to be directly in conflict." (Doc. 52 at 34). The Magistrate Judge observed, "Conflicting testimony poses a significant concern for managing a class action." (Id.) (quoting Garcia v. Sun Pacific Farming Coop., 2008 U.S. Dist. LEXIS 111969 (E.D. Cal. May 14, 2008), *aff'd* 359 Fed. App. 724 (9th Cir. Nov. 13, 2009)). The Magistrate Judge found,

> [T]he substance of the evidence here is similar to that presented in Garcia.[2] Field laborers who worked under the same foremen at El Rancho report receiving untimely rest and meal breaks, while others working under the same foremen report receiving timely rest and meal periods. For example, Mariano was the foreman for Vicente Cruz, Balbina Sanchez, Felix Rameriz, and Rosa Perez. Nevertheless, Ms. Sanchez, Mr. Rameriz, and Ms. Perez reported they never "worked more than 4 hours without receiving a 10-minute rest break" or "worked more than 5 hours without receiving a 30-minute meal break." Although Ms. Sanchez and Mr. Rameriz are current employees, they have worked at El Rancho since 1998 and would have been subject to either schedule Plaintiffs assert were in place during the class period, yet Ms. Sanchez and Mr. Rameriz allege no untimely rest or meal breaks. (See B. Sanchez Decl. ¶¶ 1, 6, 8; F. Rameriz Decl. ¶¶ 1, 6, 8). In addition, some laborers report they were required to work through meal or rest periods—in most instances to meet a quantity requirement set forth by the labor

---

[2] In support of class certification in Garcia, the plaintiffs presented declarations from seven employees who asserted the defendant instituted policies that required off-the-clock work, failed to permit meal and rest periods, and did not reimburse workers for tool expenses. In opposition to class certification, the defendants presented 33 employee declarations, including some from individuals who worked in the same crews as the plaintiff's declarants, who reported they did not work off-the-clock, and that the defendant provided meal and rest periods, as well as necessary tools. Garcia, 2008 U.S. Dist. LEXIS 111969, at *28-32.

5

        contractor foreman—while others report they were not required to work during the meal and rest periods.

(Doc. 52 at 36). Because of the dissimilarities and the conflicting testimony of Plaintiffs' and Defendant's declarants, the Magistrate Judge concluded Plaintiffs failed to demonstrate commonality, or that there was a "common contention . . . capable of classwide resolution." (Id.) (quoting Wal-Mart, 131 S.Ct. at 2551).

        Likewise, the Magistrate Judge found the conflicting evidence defeated a finding that Plaintiffs' claims satisfied the typicality requirement. (Doc. 52 at 36- 37) (citing Washington v. Joe's Crab Shack, 271 F.R.D. 628 (N.D. Cal. 2010); Garcia, 2008 U.S. Dist. LEXIS 111969, at *36-37). Plaintiffs reported they were denied timely meal and rest breaks, and had to work through the breaks to meet the quantity requirement, but many declarants asserted they were not denied rest or meal periods, or required to work during one of the breaks. As a result, the Magistrate Judge found Plaintiffs' "claims are the same or similar to those asserted by declarants in support of the motion, but different from statements provided by Defendant asserting [meal and rest break] violations did not occur." (Doc. 52 at 37). Therefore, the Magistrate Judge concluded Plaintiffs were unable to meet the requirement of typicality. (Id.)

        Finally, because Plaintiffs were unable to meet the requirements of commonality and typicality, the Magistrate Judge determined Plaintiffs would not be proper class representatives. (Doc. 52 at 37); see Stearns v. Ticketmaster Corp., 655 F.3d 1013,1027 (9th Cir. 2011) (affirming a finding that the named plaintiffs "are not proper class representatives" because their claims were "not typical of the class members").

    **C.**    **The Off-the-Clock Class**

        Because any off-the-clock work would not be documented in timekeeping and payroll records, Plaintiffs submitted anecdotal evidence in support of certification of this class. (Doc. 52 at 38). Plaintiffs reported they were required to arrive at work early, attend "school," and clean trays at home during the harvest. (Id.) The Magistrate Judge discussed declarations submitted by Plaintiffs from putative class members who reported they were required to work off the clock by preparing equipment and their work areas, attending school, and washing trays at home. (Id. at 39). Also, the

6

1 Magistrate Judge discussed evidence presented by Defendant that workers at El Rancho were not
2 required to perform off-the-clock work, and had the option to leave trays with foremen for cleaning
3 or to take the trays home. (Id. at 39-40).

4       The Magistrate Judge observed, "[T]o construe this evidence, the Court must conclude that
5 some workers were required to work off-the-clock to do tasks such as performing set up or clean up,
6 cleaning trays, or attending training and crew members. However, nearly three times the number of
7 people who make these claims, were not required to work off-the-clock." (Id. at 40). Therefore, the
8 Magistrate Judge concluded Plaintiffs failed to demonstrate commonality of claims. (Id.) Likewise,
9 the Magistrate Judge found Plaintiffs failed to meet the typicality requirement because the evidence
10 "demonstrates, not a common policy or practice, but practices that varied from worker to worker"
11 and "[b]ecause of this, Plaintiff's claims are typical of some putative class members, while atypical
12 of others who assert they have never been required to work off-the-clock without pay while working
13 at El Rancho." (Id. at 40-41) The Magistrate Judge concluded Plaintiffs would not be proper class
14 representatives because their claims were not typical or common. (Id. at 41). Consequently, the
15 Magistrate Judge recommended certification of the class be denied. (Id.)

16     **D.     The Tool Class**

17       Plaintiffs reported they were required to purchase tools necessary for their work, such as
18 scissors for picking, pruning shears, and a case for the shears. (Doc. 52 at 41). The Magistrate Judge
19 noted Plaintiffs provided declarations from "eight putative class members who asserted they were
20 not provided with all the necessary tools" and were required to purchase tools for work at El Rancho.
21 (Id.) Also, the Magistrate Judge observed Defendant provided evidence that farm labor contractors
22 supplied the necessary tools to workers, including records from Garza Contracting and declarations
23 of 71 workers who asserted they were never required to purchase tools without reimbursement. (Id.
24 at 42). The Magistrate Judge found, "Given the conflicting evidence, the Court is unable to conclude
25 that class litigation can provide a common answer to whether tools were provided to field laborers,
26 or whether the laborers were required to purchase necessary tools. Consequently, Plaintiffs have
27 failed to demonstrate commonality." (Id. at 43). Again, the Magistrate Judge found Plaintiffs'
28 claims were typical of some putative class members, while atypical of others, and this defeated a

7

finding that Plaintiffs satisfied the requirements of Rule 23(a). (Id.) As a result, the Magistrate Judge recommended certification of the class be denied. (Id.)

### III.     PLAINTIFFS' OBJECTIONS

Plaintiffs object to the Magistrate Judge's recommendation to deny class certification, and reassert several arguments made in support of class certification. Plaintiffs assert that "glaringly absent from the Magistrate Judge's findings and recommendations is an analysis of critically relevant evidence supporting certification for the classes proposed by Plaintiffs– namely evidence of Defendant's centralized policies or practices in the form of Defendant's own PMK admissions and timekeeping records." (Doc. 53 at 1). According to Plaintiffs, "The PMK testimony speaks to Defendant's unlawful labor and payroll policies/practices, and the timekeeping records serve as common proof of these unlawful polices/practices," and admissions by Defendant "are central to class certification, as they establish that Defendant had the power to enforce and did enforce unlawful meal and rest policies." (Id.) In addition, Plaintiffs "object to the Magistrate Judge's findings and recommendations regarding joint employer liability." (Id. at 2).

#### A.     Findings regarding Joint Employment

Plaintiffs object that the Magistrate Judge did not have authority to examine the question of whether El Rancho was a joint employer of the class, and assert "the Magistrate Judge purports to resolve factual and legal joint employer questions rather than examine whether class certification requirements have been met." (Doc. 53 at 2). Plaintiffs contend the joint employer analysis is "divorced from any examination of the prerequisites for certification under FRCP 23(a) ad (b)(3)." (Id.) Plaintiffs assert, "At best, the analysis relates to the adequacy of the class definition ... [b]ut ... there is no authority for denying class certification based on a determination on the merits that the class definition is flawed." (Id. at 5).

Also, Plaintiffs assert they "were not given reasonable notice that the sufficiency of their joint employer claim would be decided. They were not given adequate time to develop the facts on which they will reply for purposes of a merits determination of joint employer." (Doc. 53 at 7). According to Plaintiffs, "Before the Magistrate's Findings and Recommendations, Plaintiffs were unaware that the Magistrate Judge would treat the joint employer issue as a summary judgment matter." (Id.)

## B.   Evidence related to Class Certification

### 1.   The Unpaid Rest Break Class

Plaintiffs assert the evidence submitted confirms Ms. Corza and Ms. Rosales worked at a pure piece rate. (Doc. 53 at 20-21). According to Plaintiffs, the Magistrate Judge "fails to recognize that the 'contract' work that Mr. (sic) Corza describes in her declaration is piece rate work." (Id. at 20). Plaintiffs argue the suggestion Ms. Corza "failed to establish that she was indeed paid piece rate for the pruning she performed during the class period" is "tenuous . . . at best." (Id.) Plaintiffs point out that Mr. Kovacevich confirmed pruning "is typically done by piece rate," because he testified as follows:

> Q. What tasks are conducted on a piece rate basis?
> A. Pruning on certain varieties, not all, depending on the age of the vine, girdling.

(Doc. 53 at 21) (quoting Doc. 53-2, Kovacevich Depo. at 47:14-16). Further, Plaintiffs assert the conclusion that Ms. Rosales "never worked a pure piece rate while working at El Rancho Farms" is "flawed in important respects." (Id. at 22). Specifically, Plaintiffs contend:

> First, Plaintiff Rosales never claimed to have possession or control over all of her paystubs from Golden Grain and Garza. While these paystubs . . . may not reflect that Rosales worked pure piece rate–taken as an incomplete portrait of her paystubs while working at El Rancho–they do not "prove" she never worked pure pace rate. While Defendant claims they have no record that Plaintiff Rosales worked pure piece rate they fail to support this assertion with an evidence.

(Id.) (internal citations omitted). In addition, Plaintiffs assert the evidence provided by Defendant is unreliable, and the Magistrate Judge's reliance thereon was misplaced, because they are "contradicted by Plaintiffs' testimony and paystubs." (Id. at 22-23).

Finally, Plaintiffs assert that even if their claims are not typical of the proposed class, the proper remedy is "to permit substitution of a proper plaintiff if the named plaintiff is found inadequate." (Doc. 53 at 23) (citing Int'l Woodworkers of America, AFL-CIO v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1270 (4th Cir. 1981); Dameron v. Sanai Hosp. of Baltimore, 559 F. Supp. 1404, 1409 (D. Md. 1984); Davis v. Bethlehem Steel Corp., 600 F. Supp. 1312, 1235 (D. Md. 1985)). Therefore, Plaintiffs assert counsel should be permitted "to add an additional class

representative capable of meeting Rule 23 typicality requirement and represent[] the interests of the 'Unpaid Rest Break' class." (Id. at 24).

### 2. The Untimely Meal & Rest Break Class

Plaintiffs assert they "provided the Magistrate [Judge] with a massive amount of evidence demonstrating that Defendant enforces rest and meal break schedules that contravene the State's meal and rest break laws." (Doc. 53 at 7). Plaintiffs contend the Magistrate Judge's finding that Plaintiffs failed to meet the commonality and typicality requirements "is premised on a fundamental failure to consider key evidence submitted by the Plaintiff that is capable of resolving the factual questions common to the class in one stroke." (Id. at 11). Plaintiffs contend the Magistrate Judge failed to consider the daily reports, "which demonstrate a company-wide policy and practice of untimely rest and meal breaks," or to consider deposition testimony from Defendant's PMK and declarations from Irma Garza and Ofilia Tinoco discussing "a company-wide policy and practice of scheduling untimely rest and meal breaks." (Id. at 13, 15, 17). Due to these admissions, Plaintiffs contend the case is distinguishable from Garcia because "the violative meal and rest break scheduling policy . . . applied to all crews and field workers at El Rancho." (Id. at 12).

Further, Plaintiffs contend the dissimilarities and conflicting testimony of class members identified by the Magistrate Judge were an "inaccurate reading of the Plaintiffs' class member declarations." (Doc. 53 at 18). Plaintiffs explain the differences between the meal and rest breaks attested to by Vicente Cruz and Virginia Cruz are due to the fact that they were employed at different times at El Rancho, and therefore subject to different meal and rest break policies. (Id. at 18-19). Plaintiffs argue also that the daily reports "show a remarkable consistency in the time of meal breaks for the various crews." (Id. at 19). Finally, Plaintiffs contend the dissimilarities addressed by the Magistrate Judge regarding "whether some workers occasionally worked through their rest or meal periods in order to meet their box quota for the day" are immaterial because "Plaintiffs do not move for certification for a class of workers who were occasionally *denied* rest or meal breaks." (Id.)

### 3. The Off-the-Clock Class

Plaintiffs assert Defendant "maintained a practice and policy which suffered and permitted field laborers to work off the clock." (Doc. 53 at 24). Plaintiffs contend the Magistrate Judge

"fail[ed] to account for Defendant's own admission of a tacit policy authorizing and permitting workers to wash trays at home without compensation prior to approximately 2005." (Id. at 25). According to Plaintiffs, the Magistrate Judge also "fail[ed] to consider the evidence from Defendant's PMK testimony and Irma Garza, both of which point, at a minimum, to a policy and practice during the class period authorizing and permitting workers to clean their grape trays at home without being properly compensated." (Id. at 26).

    4.  The Tool Class

Plaintiffs further contend the Magistrate Judge failed to consider the evidence presented by Irma Garza "that she has no tool receipts prior to 2006." (Doc. 53 at 26). Plaintiffs assert, "The lack of these receipts, when coupled with Plaintiff's declarations and deposition testimony . . . evidences a practice and policy of failing to reimburse class members for their tools purchased prior to 2006." (Id. at 26-28).

    5.  Request for Reconsideration

Lastly, Plaintiffs request the Court reconsider the Magistrate Judge's December 12, 2011 order granting in part and denying in part Plaintiffs' motion to strike various declarations submitted by Defendant in opposition to class certification. Plaintiffs contend the declarations not stricken by the Magistrate Judge must be stricken because the declarants "were not informed of the existence of the litigation nor the consequences of signing" and the "declarations are unreliable as they were coercively gathered." (Doc. 53 at 27, 28).

**IV.** **DISCUSSION AND ANALYSIS**

  **A. Discussion of El Rancho's Joint Employer Status**

Though Plaintiffs assert the Magistrate Judge lacked jurisdiction to make a finding on whether El Rancho was a joint employer, the Magistrate Judge made it clear that the discussion was specifically undertaken because the class definition included the requirement that El Rancho be an employer or joint employer of its workers, and "if El Rancho did not directly or jointly employ workers, the classes may not be certified." (Doc. 52 at 14). In addition, the Magistrate Judge acknowledged it was improper to advance a decision on the merits at the class certification stage, and proceeded to examine whether the individual classes satisfied the requirements of Rule 23,

11

1  regardless of any findings regarding joint employment. (Id. at 27). Thus, the analysis regarding joint
2  employment was not determinative. Rather, the Magistrate Judge concluded, *"even if joint*
3  *employment was proven*, Plaintiffs have not demonstrated the Rule 23 prerequisites are satisfied for
4  the four proposed classes." (Id. at 44) (emphasis added). Thus, the decision to deny class
5  certification was based on Plaintiffs' failure to meet their burden to show the Rule 23 requirements
6  were satisfied, and the Magistrate Judge did not exceed her jurisdiction.
7        Moreover, though Plaintiffs suggest they should have received more notice that the status of
8  El Rancho as a joint employer would be discussed in the course of class certification, this argument
9  is misleading and unpersuasive. Indeed, review of the documents related to class certification
10 reveals that *Plaintiffs* identified this issue in their motion for class certification when they asserted
11 "Defendant may challenge that they are not liable in this case, as they employed an FLC." (Doc. 37
12 at 27). Further, the issue was briefed by the parties who presented arguments based upon factors
13 considered by the Magistrate Judge in her discussion of whether El Rancho was a joint employer as
14 used in the class definitions. (See Doc. 37 at 27-31; Doc. 40 at 34- 36; Doc. 43 at 26-28).
15       **B.**    **Consideration of the Evidence**
16       Plaintiffs identify several pieces of evidence they assert the Magistrate Judge failed to address
17 or consider. Contrary to Plaintiffs' contention, the Magistrate Judge considered all admissible
18 evidence in the analysis of class certification. (Doc. 52 at 14).
19       **C.**    **The Unpaid Rest Break Class**
20       Although Plaintiffs attack the reliability of the evidence, or lack thereof, presented by
21 Defendant in support of its opposition to the motion, Plaintiffs fail to acknowledge that the burden is
22 on a claimant to establish standing to assert a claim. As the Magistrate Judge noted, "Regardless of
23 any failure by Defendant to maintain records for various farm labor contractors, Plaintiffs bear the
24 burden of proof on the issue of standing." (Doc. 52 at 31) (citing Lewis v. Casey, 518 U.S. 343, 347
25 (1996); Pence v. Andrus, 586 F.2d 733, 737 (9th Cir. 1978). Though Plaintiffs alleged they were
26 paid pure piece rates, they failed to *show* this to be true. See Lewis, 518 U.S. at 347 ("even named
27 plaintiffs who represent a class must allege *and show* that they personally have been injured");
28 Pence, 584 F.2d at 737 (named plaintiffs "must allege *and show*" personal injury) (emphasis added).

12

Plaintiffs urge the Court to conclude Ms. Corza received piece rate pay because she performed pruning work and Mr. Kovacevich testified that "[p]runing on certain varieties" was paid on a piece-rate basis, but Plaintiffs have provided no evidence that Ms. Corza performed pruning work on the applicable variety during the class period, because her declaration is applicable to work completed beyond the scope of the class period. Similarly, while Plaintiffs assert Ms. Rosales received pure piece rate pay for pruning done at El Rancho Farms in 2003 (Doc. 53 at 23), the pay stubs produced by Ms. Rosales for work done with Garza Contracting and Golden Grain Farm Labor Contractor in 2003 demonstrate only hourly plus piece-rate work. (Doc. 40-19, Estrada Decl., Exh. F at 2-12). Consequently, Plaintiffs failed to meet their burden to show a personal injury applicable to the claims of this class, and are unable to represent such a class. See Sonsa v. Iowa, 419 U.S. 393, 399 (1975) ("A litigant must be a member of the class which he or she seeks to represent at the time the class action is certified by the district court").

Plaintiffs assert they should be permitted to amend the complaint for an individual who has standing to assert this claim, but no formal motion to amend the complaint was made to the Court on this issue. Moreover, the Ninth Circuit has opined substitution is proper where a class is certified *before* the class representative is found to be improper. See Kuahulu v. Employers Ins. of Wausau, 557 F.2d 1334, 1336-37 (9th Cir. 1977). However, even where a class has been certified, if a plaintiff is found to not be a proper class representative because she is unable to state the claim, "substitution of a new plaintiff is not required." Moreno v. Autozone, Inc. 410 Fed. Appx. 24, 25 (9th Cir. 2010) (citing Lierboe v. State Farm Mut. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003). Accordingly, the Court declines to find Plaintiffs have a right to substitute a proper class representative at this time.

**D.     The Untimely Meal & Rest Break Class**

The Magistrate Judge observed that there were two meal and rest break schedules, but noted that Ms. Garza attested Garza Contracting was responsible for "scheduling the meal and rest periods for all field laborers." (Doc. 52 at 19) (quoting Garza Decl. ¶ 9). To the extent that either policy was a violation of California law or Wage Order 14, the Magistrate Judge declined to make a decision on the merits therefor or determine the meaning of Wage Order 14, because "the meaning of Wage

Order 14 is not determinative here." (Id. at 29, n. 9). This was not an error, because the Ninth Circuit has opined that a decision on the merits should not be made at the class certification stage. Moore, 708 F.2d at 480.

Plaintiffs explain why the schedules attested to by Vicente Cruz differed from that of Virginia Cruz, but fail to explain why the 57 declarants on behalf of Defendant contradicted the claims of Plaintiffs' declarants. (See Doc. 53 at 13). Rather, Plaintiffs assert the evidence is not contradictory, because the meal and rest break policies applied to all crews. (Id.) Though this may have been true, this does not explain the differences in application of the policy, or why "[f]ield laborers who worked under the same foremen at El Rancho report receiving untimely rest and meal breaks, while others working under the same foremen report receiving timely rest and meal periods." (Doc. 52 at 36). As the Magistrate Judge noted, employees who worked at El Rancho who "would have been subject to either schedule Plaintiffs assert were in place during the class period . . . allege no untimely rest or meal breaks." (Id.) Consequently, Plaintiffs fail to demonstrate that the evidence was not contradictory or that this case should be distinguished from Garcia, in which the Court found the conflicting evidence defeated a finding that the plaintiff satisfied the requirements of commonality. See Garcia, 2008 U.S. Dist. LEXIS 111969; see also Arrendondo v. Delano Farms Co., 2011 U.S. Dist. LEXIS 44134 (E.D. Cal. Apr. 19, 2011) (observing "conflicting evidentiary support may preclude certification," but finding the evidence was not contradictory where the defendant's declarants were all currently employees who failed to provide information regarding the duration of their employment, and "[did] not provide sufficient evidence of labor practices during any period other than the current time period.").

### E. The Off-the-Clock Class

Plaintiffs contend that the Magistrate Judge failed to consider the testimony of Defendant's PMK and Ms. Garza regarding the policy allowing workers to clean trays at home without compensation (Doc. 53 at 26) (citing Garza Decl. ¶ 19; Kovacevich Depo. at 35:5-22). However, the testimony of Mr. Kovacevich and Ms. Garza was in fact considered–and addressed– by the Magistrate Judge. The Magistrate Judge noted the following testimony with regard to tray cleaning and off-the-clock work:

14

> Ms. Tinoco reported, "Garza Contracting prohibits any work off the clock." (O. Tinoco Decl. ¶ 9). Ms. Tinoco reported, "Field laborers were and are prohibited from setting up" and "were prohibited from doing any of the clean up after the scheduled work day." (*Id.* ¶¶ 11, 13). According to Ms. Tinoco, this work was completed by the field supervisor (herself) and the Garza Contracting foremen, who "set up tables, umbrellas, and everything else necessary for field laborers to perform their duties," and "clean[ed] up all of the equipment and work stations." (*Id.* ¶¶ 11, 13). In addition, Ms. Tinoco and Mr. Kovacevich testified the workers were not required to clean trays at home. (*Id.* ¶ 13; Kovacevich Depo. at 34:10-20). Specifically, Mr. Kovacevich reported the workers had the option of either leaving their trays with the foreman or taking the trays home. (Kovacevich Depo. at 34:10-20; 35:6-10). If the trays were taken home, it was not for the purpose of cleaning them and there was no requirement that the trays be kept clean. (*Id.*) Mr. Kovacevich testified that he informed Garza in 2007 that if El Rancho wanted the trays cleaned, El Rancho would provide supplies to clean them during working hours. (*Id.*) Likewise, Ms. Garza reported, "Field laborers are given the option to either leave their trays on the field, take them home, or give them to their foremen for cleaning." (Garza Decl. ¶ 19).

(Doc. 52 at 39). Further, the Magistrate Judge noted "*each* of Defendant's 71 declarants indicated they have never 'required to work[3] off the clock without pay,'" (Id., citing *e.g.,* B. Sanchez Decl. ¶ 2; E. Zamora Decl. ¶ 2; R. Perez Decl. ¶ 2; F. Rameriz; Decl. ¶ 2; L. Garcia Decl. ¶5). Significantly, Plaintiffs fail to address this contradictory anecdotal evidence, which the Magistrate Judge found defeated a finding that Plaintiffs satisfied the commonality and typicality requirements. (Doc. 52 at 40-41).

**F.    The Tool Class**

According to Plaintiffs, the Magistrate Judge failed to consider all the evidence with regard to this proposed class, and allege the lack of receipts from Garza Contracting prior to 2006, when coupled with other evidence, demonstrates "a practice and policy of failing to reimburse class members for their tools prior to . . . 2006." (Doc. 53 at 26-27). However, the Magistrate Judge observed that "each of Defendant's declarants indicated they have never 'been required to purchase hand tools that are necessary to perform the employment duties. Thus, 71 individuals working for Garza Contracting on El Rancho property assert they have never been required to purchase tools without reimbursement." (Doc. 52 at 42). In addition, the Magistrate Judge noted that "none of Plaintiff's declarants who worked through Golden Grain, assert they were required to purchase tools for work at El Rancho." (Id.) Significantly, employees such as Balbina Sanchez, who began

---

[3] In the declarations, "work" was defined as "including attending trainings or crew meetings, arriving early for set up, and cleaning trays." (See, e.g., B. Sanchez Dec. ¶ 2)

employment in 1998 and Elena Zamora, who began employment in 2000, are included among those who attest they were not required to purchase tools. (B. Sanchez Decl. ¶ 1; E. Zamora Decl. ¶ 1). Again, Plaintiffs fail to address this contradictory evidence presented by Defendant's declarants, or show that this case should be distinguished from the Court's prior holding in Garcia that the contradictory evidence defeated a finding of commonality.

**G.    Request for Reconsideration**

Lastly, Plaintiffs request reconsideration of the Magistrate Judge's December 12, 2011 order granting in part and denying in part Plaintiffs' motion to strike various declarations submitted by Defendant in opposition to class certification.

Fed. Rule Civ. Proc. 72(a) allows a party to serve and file objections to a Magistrate Judge's nondispositive order, to be decided by the District Judge. In this district, such an objection is treated as a motion for reconsideration by the assigned District Court Judge. *See* Local Rule 303. When moving for reconsideration, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). See also Fed. Rule Civ. Proc. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, *1 (D.Or.2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion."). Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983).

The Court has reviewed the order at issue and finds the Magistrate Judge's decision was neither clearly erroneous nor contrary to law. Accordingly, Plaintiffs' request for reconsideration shall be denied.

## V. CONCLUSION AND ORDER

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)© and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations filed December 12, 2011 (Doc. 52), are **ADOPTED IN FULL**; and
2. Plaintiffs' motion for class certification is **DENIED.**
3. Further, Plaintiffs' request for reconsideration of the December 12, 2011 order granting in part and denying in part Plaintiffs' motion to strike class member declarations submitted in support of Defendant's opposition to class certification is **DENIED**.

IT IS SO ORDERED.

Dated:   January 30, 2012

CHIEF UNITED STATES DISTRICT JUDGE