UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ROSALES, and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>EL RANCHO FARMS,<br><br>　　　　　　Defendant. | 1:09-cv-00707-AWI-JLT<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHOUT PREJUDICE<br><br>(Doc. 64)<br><br>ORDER VACATING HEARING DATE OF APRIL 9, 2012 |

　　　　Plaintiffs Margarita Rosales and Angelica Rosales ("Plaintiffs") filed a notice of motion and motion seeking to compel production of documents and electronic records from Garza Contracting, a third-party, on February 17, 2012. (Doc. 64). The Court issued a minute order on February 29, 2012, setting the matter for a hearing on April 9, 2012. (Doc. 68).

　　　　Apparently, unfamiliar with the requirement that such a motion must proceed under Fed. R. Civ. P. 45[1] rather than Rule 37, Plaintiffs filed their notice of motion to compel compliance with a subpoena issued to the third-party pursuant to Local Rule 251. (Doc. 64) In it, Plaintiffs asserted they would provide a "Joint Statement re: Discovery Dispute" prior to the hearing as

---

[1] Fed. R. Civ. P. 45 governs the filing of a motion to compel a response from a non-party who has been served with a subpoena duces tecum. (Doc. 75 at 5); *see also* Fed. R. Civ. P. 45(c)(2)(B) (providing that when a non-party has objected to a subpoena duces tecum, "the serving party may move the issuing court for an order compelling production or inspection").

1

required by Local Rule 251. Id.  However, because, of course, Local Rule 251 is applicable *only* "to motion[s] pursuant to Fed. R. Civ. P. 26 through 37," the motion should have been filed pursuant to Local Rule 230, which sets forth the procedure for setting a motion before the Court.

Local Rule 230 provides that when filing a motion pursuant to Fed. R. Civ. P. 26 through 37, "[t]he moving party shall file a notice of motion, motion, accompanying briefs,[2] affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion." LR 230.  Here, Plaintiffs have failed to provide a memorandum of points and authorities in support of their motion.  Therefore, Plaintiffs' motion is procedurally defective and fails to comply with the provisions of the Local Rules.

Despite that no memorandum was filed, Garza timely filed written opposition to the motion. (Doc. 75) Then, apparently realizing that they had not filed either a memorandum or a joint statement, Plaintiffs filed a "reply" a mere one week before the hearing on the motion. (Doc. 76) In the "reply, for the first time, Plaintiffs provide substantive argument as to the merits of the motion.

In doing so, Plaintiffs offer little explanation of why they believe that Garza's due process rights have not been trampled and instead, pooh-pooh Garza's complaints that it has not been allowed to address any of Plaintiffs arguments **because, of course, none had been made by the time their opposition was due.**  Plaintiffs' cavalierly suggest that, even though only three court days remain before the hearing, the Court should cure this problem by allowing Garza to file a sur-reply despite the cost this imposes on Garza and despite the burden this places on the Court.

The Court is assured that Plaintiffs are aware that this Court has one of the highest caseloads in the entire country.  In order to expeditiously address their cases, and those of all of the other litigants, it cannot allow itself to be placed in a situation in which it has, literally, no time to evaluate or consider the arguments in opposition to a substantive motion before a calendared hearing on the motion.  The Court does not find that Plaintiffs' purposefully sandbagged Garza.  However, through their lack of diligence, the result is the same.

///

---

[2] "Briefs include memoranda, points and authorities, and other written arguments . . ." LR 101.

Accordingly, **IT IS HEREBY ORDERED**:

    1.    Plaintiffs' motion to compel discovery from third-party Garza Contracting (Doc. 64) is **DENIED WITHOUT PREJUDICE**; and

    2.    The hearing on the motion set for April 9, 2012 at 10:00 a.m. is **VACATED**.

IT IS SO ORDERED.

Dated: **April 3, 2012**                                                      /s/ Jennifer L. Thurston
                                                                                   UNITED STATES MAGISTRATE JUDGE