1

2

3

4

5

6                       **UNITED STATES DISTRICT COURT**

7                       **EASTERN DISTRICT OF CALIFORNIA**

8

9   **MARGARITA ROSALES and**           )        **CIV-F-09-0707 AWI JLT**
    **ANGELICA ROSALES, on behalf of**  )
10  **themselves and all others similarly** )     **ORDER RE: MOTION FOR**
    **situated,**                        )        **RECONSIDERATION**
11                                       )
                      **Plaintiffs**,     )
12                                       )
             **v.**                      )
13                                       )
    **EL RANCHO FARMS and DOES 1 to 20,** )       (Docs. 60, 66, 81, and 82)
14                                       )
                      **Defendant**.      )
15  _____ )

16

17                              **I. History**

18        Defendant El Rancho Farms ("El Rancho") is a commercial table grape grower based in

19  Kern County.  El Rancho does not directly employ workers; instead, El Rancho works with

20  various farm labor contractors ("FLCs"), who provide workers.  Plaintiffs Margarita Rosales and

21  Angelica Rosales ("Plaintiffs") worked in El Rancho's facilities through 2005 and 2004

22  respectively.  Plaintiffs were directly employed by a FLC known as Garza Contracting Inc.

23  ("Garza").  Garza is not a defendant in this case.

24        This case had its genesis in 2004 in state court.  The case was initially brought by third

25  party workers as a potential class action against third party FLCs and other table grape growers.

26  On September 12, 2005, Angelica Rosales and El Rancho were added as plaintiff and defendant.

27  The case was removed to federal court in 2005 under federal question jurisdiction.  Meanwhile, a

28  parallel potential class action case against El Rancho and the other table grape growers was filed

                                        **1**

1  in federal court on November 9, 2005.  After various motions, the two cases were consolidated

2  and severed.  The end result was that in each case, the defendant was one table grape grower and

3  the plaintiffs are current or former workers seeking to represent a class action.

4       The operative complaint in this case alleges violations of the federal Migrant and

5  Seasonal Agricultural Workers Protection Act; failure to pay wages; failure to pay reporting time

6  wages; failure to provide rest and meal periods; failure to pay wages of terminated or resigned

7  employees; knowing and intentional failure to comply with itemized employee wage statement

8  provisions; penalties under Cal. Labor Code § 2699, et seq; breach of contract; and violation of

9  the unfair competition law. Doc. 1.   Generally, Plaintiffs allege El Rancho has failed to comply

10  with a variety of California labor laws, chiefly failing to pay minimum wage, forcing employees

11  off the clock, forcing employees to purchase their own tools, failing to provide adequate meal

12  and rest periods, failing to provide adequate wage statements, and failing to keep adequate time

13  records.  Plaintiffs seek to represent four classes comprising of El Rancho workers covering 2000

14  to the present.  Notably, the complaint indicates that Plaintiffs seek to represent all workers of El

15  Rancho who have suffered labor violations regardless of which FLC they worked for.

16       Plaintiffs made a motion for class certification on September, 9, 2011, which El Rancho

17  opposed.  In the motion, Plaintiffs sought to certify four classes: an unpaid rest break class,

18  untimely rest and meal break class, off the clock work class, and purchasing tools class.  These

19  proposed classes covered all fieldworkers employed by El Rancho from March 5, 2000 to the

20  present. Doc. 33, 1:17-2:2.  The motion made no distinction between employees of the various

21  FLCs.  Magistrate Judge Thurston issued a findings and recommendation denying Plaintiffs'

22  motion ("F&R"). Doc. 52.  In part Judge Thurston examined whether the workers were actually

23  employed by El Rancho.  There is no dispute that the potential class members were directly

24  employed by FLCs. Plaintiffs argued that El Rancho was a joint employer.  Judge Thurston held

25  a hearing on the matter on December 7, 2011.  Going through the relevant factors, Judge

26  Thurston concluded that El Rancho was not a joint employer for the purposes of the motion only,

27  recognizing that a decision on the merits on the question of joint employer status was not

28  properly part of a motion for class certification. Doc. 52, 27:19-25.  Turning to the Fed. Rule Civ.

1    Proc. 23 requirements, Judge Thurston found that Plaintiffs failed to show commonality (and

2    consequently typicality) in the four proposed classes.  Plaintiffs filed objections to the F&R on

3    December 27, 2011.  After review of the filed objections, the F&R was adopted in full. Doc. 56.

4         Plaintiffs have made a motion for reconsideration based on new evidence and a motion to

5    certify the issue of class certification for interlocutory appeal. Docs. 60 and 66.  The motion for

6    reconsideration seeks to establish that Garza and El Rancho are joint employers.  Based on such a

7    finding, Plaintiffs seek to certify three narrowed classes (an untimely rest and meal break class,

8    off the clock work class, and purchasing tools class) encompassing only those workers jointly

9    employed by El Rancho and Garza. Doc. 63, Part 1, 2:4-8.  El Rancho opposes both motions and

10   objects to the change in proposed class definition.  Additionally, El Rancho filed a motion for

11   summary judgment against the named Defendants. Docs. 81 and 82.

12

13                            **II. Legal Standards**

14        "Reconsideration is appropriate if the district court (1) is presented with newly discovered

15   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

16   an intervening change in controlling law. There may also be other, highly unusual, circumstances

17   warranting reconsideration." School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d

18   1255, 1263 (9th Cir. 1993), citations omitted.

19

20                             **III. Discussion**

21   **A. New Evidence**

22        Plaintiffs assert "at its recent deposition Garza confirmed that the material joint employer

23   terms have been in effect throughout the class period. Prior to this deposition, the Agreement had

24   not been authenticated, nor had Defendant El Rancho Farms or Garza acknowledged the

25   existence of the agreement or the fact they had intentionally and voluntarily entered into a joint

26   employer relationship." Doc. 63, Part 1, 2:15-19.  The agreement between El Rancho and Garza

27   was executed on June 1, 2005, and  specifically states that "It is the intention of the parties,

28   pursuant to the Fair Labor Standards Act and Migrant and Seasonal Agricultural Worker

1  Protection Act and for purposes of workers compensation, to create a 'joint employer"

2  relationship." Doc. 61, Part 1, Ex. 1.  The deposition of Garza's person most knowledgable took

3  place on February 7, 2012. Doc. 61, 1:14-16.  The F&R had concluded that El Rancho "was not a

4  'joint employer' as defined by the FLSA and the AWPA nor was it a 'joint employer' as that

5  phrase is used by Plaintiffs in their proposed class definitions" but noted that "whether El

6  Rancho was a joint employer, should not be the sole reason for denying the motion for class

7  certification." Doc. 52, 27:19-24.  For the three proposed classes Plaintiffs seek reconsideration

8  on, the F&R analyzed the evidence apart from the issue of joint employment and found that

9  Plaintiffs failed to meet the Rule 23 standard.  Based on the new evidence, Plaintiffs assert "these

10  classes should be certified because the lack of commonality this Court found due to the various

11  FLC's used by El Rancho and the lack of joint employer relationship between El Ranch and

12  Garza disappears." Doc. 63, Part 1, 2:9-11.

13       El Rancho argues that there is no new evidence as the agreement referenced by Plaintiffs

14  was produced by El Rancho on June 23, 2011, well before Plaintiffs filed their motion for class

15  certification on September 9, 2011. Doc. 70, 2:3-5.  Further, Plaintiffs took the deposition of El

16  Rancho's person most knowledgeable on September 7, 2011, but did not inquire about the

17  referenced agreement at that time. Doc. 70, 2:13-18.  Plaintiffs do not address this contention,

18  stating that "further evidence supporting the existence of joint employer relationship between El

19  Rancho and Garza has recently been confirmed." Doc. 72, 2:13-14.  "[T]o support a motion for

20  reconsideration...based upon newly discovered evidence, the movant is obliged to show not only

21  that this evidence was newly discovered or unknown to it until after the hearing, but also that it

22  could not with reasonable diligence have discovered and produced such evidence at the hearing."

23  Frederick S. Wyle Professional Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985),

24  citations omitted.  Plaintiffs reference to authentication of the agreement between El Rancho and

25  Garza does not qualify as new evidence.  Plaintiffs possessed a copy of the agreement in June

26  2011, before filing the motion for class certification.  That alone is enough to disqualify the

27  evidence as new.  Further, authentication could have been accomplished before December 2011.

28       Reconsideration based on new evidence is not warranted.  For the purposes of class

**4**

1  certification, Plaintiffs have not established that El Rancho and Garza are joint employers.

2

3  **B. Other Evidence**

4      Plaintiffs also argue "Modification of the Order is further justified by the need to address

5  critical evidence in the record that has been overlooked, likely as a result of the joint employer

6  analysis." Doc. 63, Part 1, 2:23-24.  The court interprets Plaintiffs argument for reconsideration

7  as falling under clear error or manifest injustice.  As previously stated, "the analysis regarding

8  joint employment was not determinative." Doc. 56, 12:1-2.  Judge Thurston's analysis went on to

9  look at the evidence for each of the four proposed classes and concluded that there was a lack of

10  commonality.  Putting aside the issue of joint employment, Plaintiffs now seek to demonstrate

11  commonality among only those workers who were direct employees of Garza.  As Judge

12  Thurston pointed out in the F&R, the various FLCs had different work practices. See e.g., Doc.

13  52, 32:21-33:19.  Narrowing the classes might show that all workers for Garza were subject to

14  the same working conditions.

15      Taking a look at the evidence with the narrower potential classes in mind, the court finds

16  that reconsideration should be granted with regards to meal schedules.  The court notes that while

17  the former broader proposed class concerned both meal and rest period violations, Plaintiffs have

18  abandoned the allegations of rest break violations to focus on the meal schedule.  Plaintiffs seek

19  to certify an untimely meal period class as "The Untimely Meal Break Class: All fieldworkers

20  jointly employed by El Rancho and Garza Contracting, Inc. from 3/5/2000 through 2008 who

21  were scheduled for a 6:30 a.m. or earlier start time and a 12 noon meal break." Doc. 63, Part 1,

22  2:4-5.  Applicable California law requires a 30 minute meal period to be authorized and

23  permitted after 5 hours of work. IWC Wage Order 14-2001, ¶11, 8 Cal. Code Reg. § 11140(11).

24  Plaintiffs provided evidence that Garza employees regularly worked for six hours before taking a

25  meal break.  In the F&R, Judge Thurston pointed out El Rancho "provides declarations from

26  putative class members [who work/ed for Garza], 82 of which indicate they have never 'worked

27  more than 5 hours without receiving a 30-minute meal break.'" Doc. 52, 33:20-22.  These

28  declarations take the form of a preprinted questionnaire.  The declarants are asked, "8. Have you

1   ever worked more than 5 hours without receiving a 30-minute meal break?"  The declarants

2   answered "no." See e.g., Doc. 35, Part 14, Ex. E-1, 12 of 99; Doc. 35, Parts 14-18, Exs. E-1

3   through E-5.  Based on these declarations and evidence that employees of other FLCs had

4   different meal practices, Judge Thurston found a lack of commonality. Doc. 52, 33:5-34:14.  The

5   prior order of this court similarly concluded that there was conflicting evidence as to whether all

6   El Rancho workers had the same rest and meal period schedules. Doc. 56, 13:4-21.

7        Looking at the filings anew, the evidence Garza had a uniform policy regarding meal

8   periods for El Rancho workers is fairly compelling.  El Rancho also provided the declaration of

9   Miguel Nunez and Lila Garcia (who both worked for El Rancho via Garza prior to 2005).  These

10  declarations take the form of a preprinted statement with blanks for personal details; they were

11  clearly provided by El Rancho.  On these forms, the declarants state  "1. The scheduled start time

12  at El Rancho Farms was either 6:00 a.m., or 7:00 a.m., depending on the time of sunrise. During

13  late May to approximately late August, the scheduled start time would be at 6:00 a.m. At all

14  other times during the year, the scheduled time would be 7:00 a.m. .... 8. I was always provided

15  with a 30-minute unpaid meal period when I worked 6 hours or more in a work day. Until 2008,

16  that meal period occurred at 12:00 p.m. Beginning in 2008 and throughout the rest of my

17  employment, that meal period was taken every day at 9:00 a.m." Doc. 40, Part 14, Ex. E-1, 2-3

18  and 6-7 of 99.  These forms are strongly indicative of a uniform work/meal schedule of Garza

19  employees working at El Rancho facilities prior to 2008.  Irma Garza, a shareholder of Garza,

20  provides a declaration stating, "14. The work day for Garza Contracting employees at El Rancho

21  Farms typically commences between 6:00 a.m. and 7:00 a.m., depending on visibility and the

22  time of sunrise....16. Between 2000 and 2006, Garza Contracting employees at El Rancho...took

23  a 30-minute unpaid meal period at 12:00 p.m. (the "Noon Meal Period")." Doc. 40, Part 2, 3:16-

24  25.  In briefing for the original motion for class certification, El Rancho confirmed that "Between

25  2000 and 2006, from approximately May through September of each year, Garza employees'

26  workdays commenced between 6:00 a.m. and 6:45 a.m., and they utilized the Noon Meal Period

27  schedule." Doc. 40, 28:19-21.  In a deposition, El Rancho representative, John Kovacevich,

28  confirmed that prior to 2008, the meal break was at 12:00 noon even when the work shift began

1   at 6:00 a.m. during the summer months. Doc. 35, Part 2, Ex. 2, 23:7-25:2.  Another El Rancho

2   representative, Lynn Kirkorian, confirmed that a longstanding schedule was for summer work

3   was a 6:00 a.m start with a meal break at 12:00 noon. Doc. 35, Part 3, Ex. 3, 14:23-15:12.

4   Additionally, Plaintiffs have provided over 100 work timesheets submitted by Garza crew

5   foremen/women during 2002-2005 that show a start time of 6:00 a.m. and a meal break at 12:00

6   noon. Doc. 35, Parts 8-10, Exs. 6A-6C.  Collectively, these pieces of evidence convincingly

7   show that Garza employees were subject to a uniform meal period policy.

8          In the prior order, the court cited to Garcia v. Sun. Pac. Farming Coop., 2008 U.S. Dist

9   LEXIS 111969 (E. D. Cal. May 14, 2008) in concluding that conflicting evidence defeated

10  commonality.  In that case, the only evidence of labor violations provided by the plaintiffs were

11  the declarations of individual workers.  However, defendant provided numerous counter

12  declarations of individual workers who claimed they were not subject to those labor violations

13  specified by plaintiffs' declarants.  The court found defendant's evidence to be "equally

14  compelling" and could not conclude that there was a common practice. Garcia v. Sun. Pac.

15  Farming Coop., 2008 U.S. Dist LEXIS 111969, *27 and *31 (E. D. Cal. May 14, 2008).

16  Crucially, there was no evidence of any policy.

17         In this case, the weight of the evidence falls definitively in favor of finding a uniform

18  policy which facially violates labor law with respect to meal periods.  In addition to the anecdotal

19  evidence of individual workers, Plaintiffs have provided work logs and statements from El

20  Rancho representatives acknowledging the meal schedule complained of.  Under these

21  circumstances, Garcia is distinguished.  When a common policy can be established, individual

22  variations will not always defeat class certification. Cf. Delagarza v. Tesoro Ref. & Mktg. Co.,

23  2011 U.S. Dist LEXIS 101127, *19-22 (N.D. Cal. September 8, 2011) ("that some workers can

24  leave the premises with permission does not negate Plaintiffs' assertion that there is a general

25  default policy against leaving the premises").  The finding that Garza and El Rancho are not joint

26  employers remains tentatively undisturbed and is more properly the subject of a later summary

27  adjudication motion that would be binding on a certified class; as Judge Thurston noted in her

28  F&R, joint employer status is not dispositive to a motion for class certification.

1    Reviewing the papers submitted, Plaintiffs have not provided sufficient evidence as to the

2  proposed off the clock work and tool purchasing classes.  The evidence of those labor violations

3  are primarily declarations from individual workers which are countered by other declarations.

4  Again, El Rancho has provided 71 declarations who state that they did not work off the clock nor

5  were required to make tool purchases. Doc. 52, 40:11-13 and 42:22-26; Doc. 35, Parts 14-18,

6  Exs. E-1 through E-5.  Regarding the cleaning of trays at home (which would constitute off the

7  clock work), Plaintiffs point to the deposition of John Kovacevich.  However, the cited part only

8  shows that when Kovacevich was first employed by El Rancho in 2007, Garza told him that they

9  did not allow workers to take trays home to clean them. Doc. 35, Part 2, Ex. 2, 35:2-17.  Nothing

10  indicates that this was a newly instituted policy in 2007.  Similarly, Plaintiffs cite to the

11  deposition of Irma Garza regarding Garza requiring employees to purchase their own tools.  Irma

12  Garza states "Garza Contracting has always supplied its employees with all tools necessary to

13  perform their duties. Garza Contracting field laborers are supplied with pruning shears, picking

14  scissors, glasses, and gloves. Attached as Exhibit 'A' are true and correct copies of transaction

15  histories and receipts showing purchases made by Garza between 2006 and 2011. Garza

16  Contracting does not have records of its tool purchases before 2006." Doc. 40, Part 2, 4:25-5:2.

17  Plaintiffs rely on the lack of receipts as evidence that Garza required all its employees to

18  purchase tools prior to 2006.  This is insufficient.  Irma Garza affirms that Garza has always

19  supplied its employees with tools.  The burden of proof is on the party seeking class certification.

20  Doninger v. Pacific Northwest Bell, Inc., 563 F.2d 1304, 1308 (9th Cir. 1977).

21    El Rancho objects to Plaintiffs' request to redefine the proposed classes. Doc. 70, 9:23-

22  25.  Plaintiffs point out that Fed. Rule Civ. Proc. 23(c)(1)(C) states "An order that grants or

23  denies class certification may be altered or amended before final judgment."  This rule provides

24  maximum flexibility.  The Ninth Circuit notes that "a district court's order respecting class status

25  is not final or irrevocable, but rather, it is inherently tentative." Officers for Justice v. Civil

26  Service Com., 688 F.2d 615, 633 (9th Cir. 1982).  As a court retains inherent authority to narrow

27  a proposed class when ruling on a motion for class certification, Plaintiffs' suggested class

28  redefinition is not improper.  In opposition to the motion for reconsideration, El Rancho did not

**8**

1    provide a substantive opposition to the narrowed meal period class. Doc. 70.  Thus, the court is

2    hesitant to directly certify that class.  In order to give El Rancho a fair chance to respond,

3    Plaintiffs will be granted leave to file a second motion for class certification on the limited issue

4    of meal periods.

5

6                                        **IV. Order**

7         Plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part.  The

8    January 31, 2012 Order adopting the F&R and denying class certification remains.  However,

9    Plaintiffs are granted leave to file a second motion for class certification with respect to meal

10   periods of Garza employees who worked at El Rancho facilities that is consistent with the

11   findings of this order.  Plaintiffs must file such a motion within twenty (20) days of the filing of

12   this order.

13        The motions for interlocutory appeal and summary judgment are DENIED without

14   prejudice.

15        The trial date of September 11, 2012 and all associated dates are VACATED.

16   IT IS SO ORDERED.

17

     Dated:    July 5, 2012          _____
18                                    CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28