UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA ROSALES and ANGELICA ROSALES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EL RANCHO FARMS and DOES 1-20,<br><br>Defendants. | Case No.: 1:09-cv-00707 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>(Doc. 96) |

Plaintiffs Margarita Rosales and Angelica Rosales[1] ("Plaintiffs") seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. 96). On August 14, 2012, Defendant El Rancho Farms ("Defendant" or "El Rancho") filed its opposition to the motion (Doc. 99), to which Plaintiffs filed a reply on August 21, 2012 (Doc. 104).

The Court has read and considered the pleadings and supporting documents, and heard oral arguments by counsel on August 28, 2012. For the reasons set forth below, the Court recommends Plaintiffs' motion for class certification be **GRANTED**.

///

---

[1] The true and correct name of "Angelica Rosales" is "Maria Lorena Corza Alvarado," though she is known as "Lorena Corza." Ms. Corza reports she used the name of her daughter, "Angelica Rosales," while working at El Rancho. (Doc. 35-7 at 3). Therefore, the Court will refer to plaintiff "Angelica Rosales" as "Lorena Corza."

# I.     PROCEDURAL HISTORY

On November 9, 2005, Plaintiffs' counsel initiated an action against table grape growers based in Kern County, including D.M. Camp & Sons; Marko Zaninovich, Inc.; Sunview Vineyards of California, Inc.; and Giumarra Vineyards Corporation.[2] (*Doe v. D.M. Camp & Sons*, Case No. 1:05-cv-1417-AWI-SMS, Doc. 2).  At the time the complaint was filed, the plaintiffs were unnamed former and current employees of the defendants.  *See id.*  On December 6, 2005, Plaintiffs filed their First Amended Complaint, identifying additional defendants, including El Rancho Farms.  (*Doe*, Doc. 9).  The Court acknowledged the *Doe* matter was related to several other cases initiated against grape growers.  *See Doe v. D.M. Camp & Sons*, 624 F.Supp.2d 1153 (E.D. Cal. 2008).

Defendants in *Doe*, including El Rancho Farms, filed motions to dismiss, which were granted by the Court on March 31, 2008.  (*Doe*, Docs. 81, 168).  In addition, the Court granted motions to sever the action, and the Court ordered the plaintiffs to file amended pleadings against each defendant.  *Id.*  On May 29, 2008, "Angelica Rosales" and Margarita Rosales were identified as plaintiffs in the Third Amended Complaint against El Rancho Farms.  (*Doe*, Doc. 173).  On March 31, 2009, the Court ordered Plaintiffs to re-file in a new action within twenty days to finalize severance.  (*Doe*, Doc. 241).

On April 20, 2009, Plaintiffs filed their complaint against El Rancho Farms, alleging the following: violation of the Agricultural Workers Protection Act, 29 U.S.C. § 1801; failure to pay wages; failure to pay reporting time wages; failure to provide meal and rest periods; failure to pay wages of terminated or resigned employees; knowing and intentional failure to comply with itemized employee wage statement provisions; penalties under Labor Code § 2699, *et seq.*; breach of contract; and violation of unfair competition law.  (Doc. 1).  Plaintiffs brought the action "on behalf of Plaintiffs and members of the Plaintiff Class comprising all non-exempt agricultural, packing shed, and storage cooler employees employed, or formerly employed, by each of the Defendants within the State of California."  *Id.* at 4.

---

[2] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  As a result, the Court may take judicial notice of its own records.  Therefore, judicial notice is taken of the Court's docket in *Doe v. D.M. Camp & Sons*, Case No. 1:05-cv-01417-AWI-SMS.

In compliance with the Court's deadline for seeking class certification, Plaintiffs filed their motion on September 9, 2011. (Doc. 33). Plaintiffs sought certification of classes for unpaid rest breaks, untimely rest and meal breaks, off-the-clock work, and tool reimbursement. Each of these classes included "fieldworkers employed or jointly employed by El Rancho." However, Plaintiffs failed to show Defendant was a joint employer of the fieldworkers, as required by the class definitions. In addition, Plaintiffs failed to demonstrate they worked a pure piece rate basis and lacked standing to represent the unpaid rest break class. Finally, conflicting evidence defeated certification of the remaining classes. The recommendations were adopted in full on January 31, 2012, and Plaintiffs' motion for class certification was denied. (Doc. 56).

Plaintiffs filed a motion for reconsideration based upon new evidence, seeking to demonstrate El Rancho was a joint employer and three narrowed class definitions satisfied the requirements of class certification. (Doc. 60). On July 6, 2012, the Court granted Plaintiffs' motion in part, and gave leave "to file a second motion for class certification with respect to meal periods of Garza employees who worked at El Rancho facilities." (Doc. 95 at 9). Accordingly, Plaintiffs filed their second motion for class certification, now pending before the Court, on July 26, 2012. (Doc. 97).

## II.     LEGAL STANDARDS FOR CLASS CERTIFICATION

Class certification is governed by the Federal Rules of Civil Procedure, which provide: "One or more members of a class may sue or be sued as representative parties on behalf of all." Fed. R. Civ. P. 23(a). A class action is proper if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Generally, these prerequisites are referred to as numerosity, commonality, typicality, and adequacy of representation, and "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 155-56 (1982) (citing *General Telephone Co. v. EEOC*, 446 U.S. 318, 330 (1980)). When an action satisfies the prerequisites of Rule 23(a), the Court must consider whether the class is maintainable under one of the alternatives set forth in Rule 23(b). *Narouz v. Charter Communs., LLC*,

591 F.3d 1261, 1266 (9th Cir. 2010).

Parties seeking class certification bear the burden of demonstrating that each element of Rule 23 is satisfied, and "must affirmatively demonstrate . . . compliance with the Rule." *Wal-Mart Stores*, 131 S. Ct. at 2551; *Doninger v. Pacific Northwest Bell, Inc.*, 563 F.2d 1304, 1308 (9th Cir. 1977). The Court must conduct a "rigorous analysis," which may require the Court "to probe behind the pleadings before coming to rest on the certification question." *Wal-Mart Stores*, 131 S. Ct. at 2551 (quoting *Falcon*, 457 U.S. at 160-61). The Court has an affirmative duty to consider the merits of an action "to the extent that they overlap with class certification issues." *Ellis*, 675 F.3d at 981 ("a district court *must* consider the merits if they overlap with the Rule 23(a) requirements") (citing *Wal-Mart Stores*, 131 S. Ct. at 2551-52). As a result, the Court may consider material evidence to determine Rule 23 requirements are satisfied. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

### III.     EVIDENTIARY OBJECTIONS

In conjunction with a Rule 23 class certification motion, the Court may consider all material evidence submitted by the parties to determine Rule 23 requirements are satisfied. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Accordingly, declarations may be used to support or oppose a motion where presented in writing, subscribed as true under penalty of perjury, and dated. 28 U.S.C. § 1746. Plaintiffs object to statements made in the declarations of Irma Garza, and Ofilia Tinoco (Doc. 103). However, precisely the same statements and objections were identified in conjunction with the original motion for class certification (Doc. 45), which the Court addressed in its Findings and Recommendations. Accordingly, these objections are **DISREGARDED**.

Notably, "[o]n a motion for class certification, the court may consider evidence that may not be admissible at trial." *Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (describing a court's determination of class certification as based on "tentative findings, made in the absence of established safeguards" and describing a class certification as "of necessity . . . not accompanied by the traditional rules and procedures applicable to civil trials."); *see also Williams v. Veolia Transp. Servs.*, 2009 U.S. Dist. LEXIS 123600 at *7 (C.D. Cal. Mar. 20, 2009) ("Unlike evidence presented in a summary judgment motion, evidence presented at the class certification stage need not be admissible at trial"). Regardless,

the Court has considered only evidence deemed admissible in its analysis.

## IV.     DISCUSSION AND ANALYSIS

Plaintiffs assert they and putative class members are agricultural workers who were employed to work at El Rancho. (Doc. 1 at 2). According to Plaintiffs, "the evidence is overwhelming" that El Rancho and its farm labor contractor, Garza Contracting ("Garza"), "maintained a uniform policy of providing fieldworkers with meal periods at 12:00 noon, consistently resulting in late meal periods." (Doc. 96-1 at 9).

Plaintiffs contend, "El Rancho produced approximately 15,000 [ages of payroll and timekeeping documents during discovery . . . [that] facially show a meal break policy in which worker lunches were consistently scheduled from 12:00 to 12:30 p.m. regardless of the time employees began their workday." (Doc. 96-1 at 9). In addition, Plaintiffs assert El Rancho representatives Lynn Kirkorian and John Kovacevich "confirmed that between 2000 and 2009, from approximately May through September of each year, fieldworkers' workdays commenced between 6:00 a.m. and 6:45 a.m., and they utilized a noon meal period schedule." *Id.* Accordingly, Plaintiffs seek to certify the following class: "All employees of Garza Contracting, Inc. who worked at El Rancho Farms facilities from 3/5/2000 through 12/31/2008 who were scheduled[3] for 12:00 noon meal breaks on shifts starting before 7:00 a.m." (Doc. 96 at 2).

### A.     Time Frame of the Proposed Class

As an initial matter, Plaintiffs seek to certify a class with claims beginning March 5, 2000. (Doc. 96 at 2). Defendant contends this is improper because, generally, claims for unpaid wages are subject to a three year statute of limitations. (Doc. 99 at 22). However, "where a claim for restitution of unpaid wages is made pursuant to the Unfair Competition Law, the statute of limitations is potentially four years." *Id.* (citing *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 173-74 (2000)). As a result, Defendant contends the class claims commence November 9, 2001, or four years before the filing of *Doe* on November 9, 2005. *Id.*

---

[3] For employees working at a shift of at least six hours, it is unlawful for an employer to provide a meal period at a time that is more than five hours after the start of the shift. Thus, the issue is not when the meal period was *scheduled*; the issue is when the meal period was authorized and *provided*. *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004, 1040 (2012). Thus, the Court will amend the class definition accordingly.

5

At the hearing, Plaintiffs asserted the Court need not determine whether the class period began March 5, 2000, but rather asserted the class claims began September 12, 2001— four years prior to the filing of the Second Amended Complaint ("SAC") in *Lara v. Casimiro*, an action filed in Kern County Superior Court by Arnaldo Lara, Mario Laveaga, Mirna Diaz, Paula Leon, and Raul Diaz (the "Lara Group"). The Lara Group, individually and acting for the interests of the general public, filed a complaint against Rogelio Casimiro, doing business as Golden Grain Farm Labor. The Lara Group added "Angelica Rosales" as a named plaintiff and El Rancho Farms as a defendant in the SAC on September 12, 2005.[4] Plaintiffs contend the complaint in this action relates back to the SAC in *Lara*, which would allow Plaintiffs to represent a claims beginning September 12, 2001.

The relation back doctrine "is to be applied liberally." *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 980 (9th Cir. 1088). However, the Ninth Circuit has explained that complaint does not relate back when a complaint is not an amendment, but rather a separate filing. *O'Donnell v. Vencor*, 466 F.3d 1104, 1110 (9th Cir. 2006) (citing Fed. R. Civ. P. 15(c)(2)). Plaintiffs appear to contend the action relates back because this action is the same as *Lara*[5]. However, this argument is without merit.

Although *Lara* was "brought by the same constellation of attorneys" (*Doe*, Doc. 168 at 3), it was never consolidated with *Doe*. Though the *Doe* plaintiffs and the *Lara* plaintiffs sought to consolidate these actions, the Court denied this request on January 26, 2006. (*Doe*, Doc. 57). Despite motions by the Defendants to sever the action, the *Doe* plaintiffs sought to maintain the action intact, and argued limited severance of only the trials was sufficient. (*Doe*, Docs. 89-90). The Court denied Plaintiffs' motion for limited severance and ordered the *Doe* action fully severed, which resulted in the filing of several different actions, including the matter now before the Court. (Docs. 168, 237). Accordingly, *Lara* remained a separate action from *Doe* and its successors.

---

[4] The record of a state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981). Therefore, judicial notice is taken of the original Complaint and the Second Amended Complaint in *Lara v. Casimiro*, Case No. S-1500-CV-252445-SPC.

[5] If, indeed, the *Lara* action and this current action are the same, Plaintiffs have not explained why they are entitled to pursue two cases with the same claims against the same defendant. On the other hand, if they are merely parallel class actions raising the same harms, Plaintiffs have not explained why the "first-to-file" rule should not preclude them from pursuing this current action.

Notably, the *Doe* action, filed on November 9, 2005, did not seek to recover damages back to the time of the filing of the *Lara* action. Instead, the complaint sought damages for the period "within four (4) years of the filing of this Complaint . . ." *Doe v. D.M. Camp*, Case No. 1:05-cv-01417, Doc. 2 at 14. Indeed, when El Rancho was finally named in the *Doe* action, in the first amended complaint filed on December 6, 2005, Plaintiffs continued to assert the class period was "within four (4) years of the filing of this Complaint . . ." *Doe v. D.M. Camp*, Case No. 1:05-cv-01417, Doc. 9 at 22.

Moreover, the SAC in *Lara* does not contain the same allegations as the complaint filed in *Doe*. In the SAC, "Angelica Rosales" asserted she "was hired pursuant to oral contracts of employment entered into in Kern county and worked under joint employment by CASIMIRO and EL RANCHO FARMS performing agricultural work . . ." (Doc. 102-1 at 6) (emphasis in original). Indeed, the claims of the SAC were rooted in the allegation that "Casimiro acted as a joint employer with Defendants," including El Rancho Farms. *Id*. In contrast, the complaint filed in *Doe* on November 9, 2005 (*Doe*, Doc. 2) was not limited by allegations of joint employment with a specific farm labor contractor. Rather, the action was "brought on behalf of Plaintiffs and all non-exempt agricultural and packing shed employees employed by, or formerly employed D.M. CAMP & SONS; MARKO ZANINOVICH, INC.; SUNVIEW VINEYARDS OF CALIFORNIA, INC.; GIUMARRA VINEYARDS CORPORATION, and any subsidiaries or affiliated companies . . ." (emphasis in original). On December 6, 2005, the plaintiffs filed the First Amended Complaint, adding El Rancho Farms; Stevco Inc., FAL Inc., and Castlerock Farming and Transport, Inc. as defendants. (*Doe*, Doc. 9 at 2-3). The claims in the SAC in *Lara* were insufficient to put Defendant on notice of the claims later asserted in *Doe*.

A new complaint filed in federal court "cannot 'relate back' to [a] state court action, as it is clearly a separately filed claim." *In re. Brocade Communs . Sys. Derivative Litig.*, 615 F. Supp. 2d 1018, 1038 n. 1 (N.D. Cal. 2009). Because *Lara* and *Doe* are two separate and distinct actions, the complaint filed in the District Court on November 9, 2005, cannot relate back to pleadings filed in Kern County Superior Court in *Lara*. Consequently, the class definition shall be amended to limit the

class claims to those beginning November 9, 2001.[6]

### B. Numerosity

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requires the Court to consider "specific facts of each case and imposes no absolute limitations." *EEOC*, 446 U.S. at 330. Although there is no specific numerical threshold, joining more than one hundred plaintiffs is impracticable. *See Immigrant Assistance Project of Los Angeles Cnt. Fed'n of Labor v. INS*, 306 F.3d 842, 869 (9th Cir. 2002) ("find[ing] the numerosity requirement . . . satisfied solely on the basis of the number of ascertained class members . . . and listing thirteen cases in which courts certified classes with fewer than 100 members").

Plaintiffs contend: "Analysis of El Rancho's records evidences that there are hundreds if not thousands of potential class members." (Doc. 96-1 at 12). In addition, Defendant does not dispute that the numerosity is satisfied. Because this class includes all fieldworkers employed by Garza to work at El Rancho during the class period, the Court finds the numerosity requirement is satisfied.

### C. Commonality

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement has been construed permissively; not all questions of law and fact need to be common. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "However, it is insufficient to merely allege any common question." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011). Commonality must be shown by a "common contention" that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

According to Plaintiffs, Defendant admits "there was a uniform []12:00 noon meal period policy applicable to all of Garza's field workers at El Rancho regardless of the time employees began their workday." (Doc. 96-1 at 13). On the other hand, Defendant argues that the general policy of

---

[6] Although Defendant was not added to the *Doe* action until the First Amended Complaint December 6, 2005 (*Doe,* Doc. 9), and until then had no notice of the claims against them, Defendant has taken the position that the class claims commenced with the filing of the complaint in *Doe.* (Doc. 99 at 22).

scheduling lunch at noon did not violate California labor law because Garza "never prohibited a filed laborer from taking a meal period before noon." (Doc. 99 at 17). Rather, Defendant contends the farm workers "preferred the Noon Meal Period schedule because they were able to eat a snack in the mornings and were not hungry again until 12:00 p.m." *Id.*

Nevertheless, Irma Garza, an owner of Garza Contracting, reported that the workday for her employees at El Rancho "typically commences between 6:00 a.m. and 7:00 a.m., depending on visibility and the time of sunrise." (Doc. 40-2 at 3-4). Ms. Garza reported that the employees "received 15-minute rest breaks at 9:00 a.m. and 2:00 p.m., and took a 30-minute unpaid meal period at 12:00 p.m." (*Id.* at ¶ 16). "Sometime between 2006 and 2008," Garza asserted that she learned that workers were taking their meal period at 9:00 a.m. and consolidating their two 10-minute meals breaks for a longer break at noon. *Id*.

Similarly, El Rancho's persons most knowledgeable, John Kovacevich and Lynn Kirkorian, testified that employees received a meal break at noon, even when their work began at 6:00 a.m. (Kovacevich Depo. at 23:7- 24:25; Kirkorian Depo. at 14:23- 15:12). Kovacevich testified that new schedule was put into place in late 2008 or early 2009 though Kirkorian testified he thought this occurred in 2007. *Id*. Based upon this testimony, the Court found previously that ". . . the weight of the evidence falls definitively in favor of finding a uniform policy which facially violates labor law with respect to meal periods." (Doc. 95 at 7). Moreover, review of the time sheets provided to El Rancho by Garza support this testimony. (See, Docs. 35-10 at 34-40, 35-12 at 2-9, 18-20; 35-12 at 10-17, 21-30.) Thus, Plaintiffs have shown that they and the putative class members "have suffered the same injury" by being subject to the noon meal period. *See Wal-mart Stores*, 131 S. Ct. at 2552; *see also Falcon*, 457 U.S. at 157. Therefore, the commonality requirement is satisfied.

**D.     Typicality**

The typicality requirement demands the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A claim or defense is not required to be identical, but rather "reasonably co-extensive" with those of the absent class members. *Hanlon*, 150 F.3d at 1020. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether

other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks and citation omitted); *see also Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1463 (9th Cir. 1995) (typicality is satisfied when named plaintiffs have the same claims as other members of the class and are not subject to unique defenses).

In this case, Lorena Corza reported that she began work at 6:00 am. or 6:30 am, but "lunch break was always from 12:00 p.m." (Doc. 35-7, Corza Decl. ¶¶7-8). Likewise, Margarita Rosales testified that her "lunch break was always at 12:00 p.m." (Doc 35-7, Rosales Decl. ¶ 8). Thus, it appears Plaintiffs were subject to the same policy as the putative class members, and have a "same or similar injury" as putative class members. *See Hanon*, 976 F.2d at 508. Accordingly, Plaintiffs have demonstrated that the typicality requirement is satisfied.

### E. Adequacy of Representation

Absentee class members must be adequately represented for judgment to be binding upon them. *Hansberry v. Lee*, 311 U.S. 32, 42-43 (1940). Accordingly, this prerequisite is satisfied if the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "[R]esolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1020).

#### 1. Proposed class representatives

Plaintiffs have each provided declarations asserting they do not have conflicts of interest with putative class members. (Rosales Decl. ¶ 14; Corza Decl. ¶ 14). Further, "Plaintiffs are pursuing damages for the same late meal period violation that each class member suffered," and "have cooperatively participated in the litigation, answering discovery and appearing for deposition." (Doc. 96-1 at 16). Accordingly, Lorena Corza and Margarita Rosales have demonstrated they are adequate representatives for the putative class members.

#### 2. Proposed class counsel

Defendant has not argued Plaintiffs' counsel are not qualified or competent counsel. Review of the potential class counsels' declarations demonstrate counsel are experienced wage and hour

attorneys with class action experience. (*See* Doc. 35, Martinez Decl. ¶¶ 4-20). Accordingly, the proposed class counsel, the law firm of Mallison & Martinez, will provide adequate representation.

**F.     Rule 23(b)(3)**

Having satisfied the prerequisites of Rule 23(a), Plaintiffs must demonstrate the class is maintainable under one of the three alternatives set forth in Rule 23(b). *Narouz v.*, 591 F.3d at 1266. Here, Plaintiffs assert the class satisfies the requirements of Rule 23(b)(3). (Doc. 96-1 at 16-19).

Class certification under Rule 23(b)(3) is an "adventuresome innovation," and allows for class certification in cases "in which class-action treatment is not clearly called for as it is in Rule 23(b)(1) and (b)(2) situations." *Amchem Prods.*, 521 U.S. at 615. Thus, a class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and where "a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). These requirements are generally called the "predominance" and "superiority" requirements. *See Hanlon*, 150 F.3d at 1022-23; *see also Wal-Mart Stores*, 131 S. Ct. at 2559 ("(b)(3) requires the judge to make findings about predominance and superiority before allowing the class").

        1.     Predominance

Plaintiffs must show more than the mere existence of a single common question of law or fact required by Rule 23(a)(2)—a common question must predominate. *Wal-Mart Stores*, 131 S. Ct. at 2556. The predominance inquiry focuses on "the relationship between the common and individual issues" and "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022 (citing *Amchem Prods.*, 521 U.S. at 623). The Ninth Circuit explained, "[A] central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001)).

According to Defendant, Plaintiff cannot satisfy the requirements of Rule 23(b)(3) because individual questions predominate over Plaintiffs' claims. (Doc. 99 at 21). According to Defendant, There is evidence that field workers "began taking meal periods at 9:00 as early as April 2006," and

"piece rate workers were not subject to the same schedules as field laborers paid on an hourly basis." *Id.* However, workers who took meal breaks at 9:00 a.m. would not be included in the class, which includes only those who were provided "12:00 noon meal breaks on shifts starting before 7:00 a.m."

In light of the evidence of the noon meal times, the Court concludes there are no individualized issues sufficient to render class certification under Rule 23 inappropriate. Accordingly, class issues predominate over Plaintiffs' claims. *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).

### 2. Superiority

The superiority inquiry requires a determination of "whether objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023 (citation omitted). This tests whether "class litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Pursuant to Rule 23(b)(3), the Court should consider four non-exclusive factors to determine whether a class is a superior method of adjudication, including (1) the class members' interest in individual litigation, (2) other pending litigation, (3) the desirability of concentrating the litigation in one forum, and (4) difficulties with the management of the class action.

#### a. Class members' interest in individual litigation

Plaintiffs contend, "Class members are seasonal agricultural workers and their limited economic resources, lack of English language proficiency, and the severe difficulty of finding experienced counsel in rural areas to handle individual cases would deprive most class members of the practical opportunity to pursue their claims if a class action is not certified." (Doc. 96-1 at 18). Here, there is no evidence the putative class members would have an interest in individually pursuing or controlling their own cases. Therefore, this factor weighs in favor of class certification.

#### b. Other pending litigation

Plaintiffs assert, "No other litigation concerning this controversy has been commenced by or against class members, even though the claims of Plaintiffs and the Class date back to November 2001." (Doc. 96-1 at 18). Though there are related actions pending, the parties have not identified

any other actions involving the parties in this case. Accordingly, this factor does not weigh against class certification.

### c. Desirability of concentrating litigation in one forum

Because common issues predominate over Plaintiffs' class claims, "presentation of the evidence in one consolidated action will reduce unnecessarily duplicative litigation and promote judicial economy." *Galvan v. KDI Distrib.*, 2011 U.S. Dist. LEXIS 127602, at *37 (C.D. Cal. Oct. 25, 2011). Moreover, because putative class members were employed within the Eastern District, their claims arose within the same forum. Thus, class-wide determination of the claims in one forum appears desirable.

### d. Difficulties in managing a class action

Plaintiffs contend, "Conducting this case as a class action would be far less burdensome than prosecuting numerous separate actions, which would entail risks of duplicative discovery procedures, disputes among counsel, repeated adjudication of similar controversies, and excessive time and costs." (Doc. 96-1 at 19). Based upon the evidence before the Court, any difficulties in managing the class action appear to be outweighed by the other factors.

## V. FINDINGS AND RECOMMENDATIONS

As set forth above, Plaintiffs have satisfied the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiffs' motion for class certification be **GRANTED**;
2. The Class be defined as:
   > All employees of Garza Contracting, Inc. who worked at El Rancho Farms facilities from 11/9/2001 through 12/31/2008 and who were provided a 12:00 noon meal break on shifts starting before 7:00 a.m.
3. Plaintiffs Lorena Corza and Margarita Rosales be **APPOINTED** as Class Representatives; and
4. The Law Firm of Mallison & Martinez be **APPOINTED** Class Counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these findings and recommendations, any party may file and serve written objections with the Court.  A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the Objections shall be filed and served within fourteen days of the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 29, 2012**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE