**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARITA ROSALES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EL RANCHO FARMS, et al., <br><br> Defendants. <br><br> ANGEL LOPEZ CRUZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EL RANCHO FARMS, et al., <br><br> Defendants. | Case Nos.: 1:09-cv-00707-AWI-JLT <br><br> 1:12-cv-01934-AWI-JLT <br><br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING APPROVAL OF THE CLASS SETTLEMENT AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES |

Margarita Rosales, Angelica Rosales[1], Angel Lopez Cruz, and Angelica Alvarez requested final approval of a settlement reached with El Rancho Farms and Garza Contracting Inc., on behalf of a class including "All persons who have been employed or jointly employed by Garza Contracting at El Rancho Farms facilities between November 9, 2001 and June 11, 2014." In addition, Plaintiffs seek an award of attorneys' fees and expenses, claims administration costs, and class representative

---

[1] The true and correct name of "Angelica Rosales" is "Maria Lorena Corza Alvarado," though she is known as "Lorena Corza." Ms. Corza reports she used the name of her daughter, "Angelica Rosales," while working at El Rancho. (Doc. 35-7 at 3). Therefore, the Court will refer to plaintiff "Angelica Rosales" as "Lorena Corza."

1

enhancement payments from the settlement fund.

On July 21, 2015, the Magistrate Judge found the proposed Settlement Class satisfied the requirements of Fed. R. Civ. P. 23, and recommended the class be certified. For purposes of this settlement, Plaintiffs and Defendants are in agreement that sufficient communality exists. Regarding those provisions of Rule 23 "designed to protect absentees by blocking unwarranted or overbroad class definitions," courts must give "undiluted, even heightened, attention in the settlement context." Amchem Prods. v. Windsor, 521 U.S. 591, 620 (1997). This Court has reviewed the materials provided in the two class certification motions in Case No. 09-0707 and is convinced that Rule 23 has been met in these cases. Settlement of a class action requires approval of the Court, which may be granted "only after a hearing and on finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit identified several of factors to evaluate a settlement, including:

> the strength of plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003) (citation omitted). The Magistrate Judge found that each of these factors weighed in favor of approving the Settlement, and recommended the proposed settlement of $2,300,000 be approved. In addition, the Magistrate Judge found awards of attorneys' fees, class representative enhancements, and claims administration costs from the gross settlement fund were appropriate in this action.

The parties were given fourteen days from the date of service, or until August 4, 2015, to file objections to the recommendations. In addition, the parties were advised that "failure to file objections within the specified time may waive the right to appeal the District Court's order. (Rosales Doc. 202 at 50; Cruz Doc. 78 at 50, citing Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014)). To date, no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the file, the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations dated July 21, 2015 are **ADOPTED IN FULL**;

2. Plaintiffs' motion for final approval of the Settlement Agreement is **GRANTED**;

3. Plaintiffs' request for certification of the Settlement Class is **GRANTED** and defined as follows:

   > All persons who have been employed or jointly employed by Garza Contracting at El Rancho Farms facilities between November 9, 2001 and June 11, 2014.

4. The unclaimed fund **SHALL** be distributed on a pro rata basis to Class Members who filed claims on or before July 17, 2015 as follows:

   > The Settlement Share for each Claimant will be based on (a) that Claimant's total pay periods (or if necessary, the number of Months of Employment) during the Class Period (b) divided by the aggregate number of pay periods (or if necessary, the number of Months of Employment) of all Participating Class Members (all class member claims) during the Class Period (with the division rounded to four decimal places) (c) multiplied by the value of the Net Settlement Amount;

5. Plaintiffs' request for class representative incentive payments is **GRANTED** in the amount of $7,500 each for Margarita Rosales and Lorena Corza, $4,000 each for Angel Lopez Cruz and Angelica Alvarez;

6. Class Counsel's motion for attorneys' fees is **GRANTED** in the modified amount of $**690,089.65**;

7. Class Counsel's request for costs of $36,620.54 is **GRANTED**;

8. The request for fees for the Settlement Administrator in the amount of $57,500 is **GRANTED**; and

9. The California Labor Code Private Attorney General Act payment to the State of California in the amount of $30,000 is **APPROVED**;

10. The action is dismissed with prejudice, with each side to bear its own costs and attorneys' fees except as otherwise provided by the Settlement and ordered by the Court; and

11. The Court hereby retains jurisdiction to consider any further applications arising out of or in connection win the Settlement.

IT IS SO ORDERED.

Dated:   October 1, 2015

SENIOR DISTRICT JUDGE